THOMAS R. GILL v. HIRAM C. LYDICK ET AL.

FILED MAY 15, 1894. No. 5006.

1. **Assignments** in a petition in error not relied on in the briefs will be deemed waived.

2. **Riparian Rights:** ACCRETION. Where the water of a river recedes slowly and imperceptibly, changing the channel of the stream and leaving the land dry theretofore covered by water, such land belongs to the riparian proprietor. In case the alteration takes place suddenly, the ownership remains according to former bounds. (*Lammers v. Nissen,* 4 Neb., 245; *Wiggenhorn v. Kountz,* 23 Neb., 690.)

ERROR from the district court of Burt county. Tried below before CLARKSON, J.

*N. J. Sheckell,* for plaintiff in error, cited: *Jones v. Johnston,* 18 How. [U. S.], 150; *Hagan v. Campbell,* 33 Am. Dec. [Ala.], 280; *Boorman v. Sunnuchs,* 42 Wis., 235; *Lynch v. Allen,* 32 Am. Dec. [S. Car.], 671; *Woodbury v. Short,* 17 Vt., 387; *Warren v. Chambers,* 25 Ark., 120; *Murry v. Sermon,* 1 Hawks [N. Car.], 56; *Hopkins Academy v. Dickinson,* 9 Cush. [Mass.], 544.

*H. Wade Gillis* and *Charles T. Dickinson,* contra, cited: *Lammers v. Nissen,* 4 Neb., 250; *New Orleans v. United States,* 10 Pet. [U. S.], 717; *Lovingston v. County of St. Clair,* 16 Am. Rep. [Ill.], 516; *Schurmeier v. St. Paul & P. R. Co.,* 10 Minn., 82; *Jones v. Pettibone,* 2 Wis., 308*; *Barnes v. City of Racine,* 4 Wis., 486; *Kraut v. Crawford,*

19 Ia., 549; *Shelton v. Maupin,* 16 Mo., 128; *Warren v. Chambers,* 25 Ark., 120; *Municipality No. 2 v. Orleans Cotton Press,* 17 La., 122; *Steamboat Magnolia v. Marshall,* 39 Miss., 109.

NORVAL, C. J.

This was a suit in ejectment brought in the district court of Burt county by Hiram C. Lydick and Jonathan Lydick against Thomas R. Gill, to recover certain real estate in fractional sections 13 and 24, in township 21 north, of range 11 east of the 6th principal meridian. The cause was tried to the court, without the intervention of a jury, and from a judgment in favor of plaintiffs below the defendant prosecutes error.

The assignments in the petition in error are as follows:

1. The findings of the court are not sustained by sufficient evidence.

2. The findings of the court are contrary to law.

3. The court erred in finding it had jurisdiction of the subject-matter of the action.

The last assignment is not argued in the brief of counsel, so we are not advised as to the precise matter relied upon to divest the district court of jurisdiction to hear and determine the case. We infer from the allegations contained in the answer that the defendant insisted in the trial court that the lands in controversy in this action lie east of the middle of the main channel of the Missouri river, as the same existed at the time of the survey of the lands in Burt county by the government surveyor, and hence the lands claimed by plaintiffs are not within this state, but within the state of Iowa. It is the rule of this court that assignments of error which are not urged in the brief are deemed waived and will be disregarded. The third assignment therefore will not be considered by us. The other two assignments will be considered together.

It was stipulated on the trial in the court below that the

plaintiffs are the owners in fee-simple, by a complete chain of
title from the United States to themselves, of the following
described real estate, to-wit: The fractional northeast quarter
of the southwest quarter, known as "Lot three;" the frac-
tional southwest quarter of the southwest quarter, known as
"Lot five," all in section 13, township 21, range 11 east;
also the fractional northwest quarter, known as "Lot one,"
and the fractional southwest quarter of the northwest
quarter, known as "Lot two," all in section 24, town and
range aforesaid. The east line of these tracts at the time
of the government survey extended to the water's edge of
the Missouri river, and since said survey a large body of
land has been added to said tracts by the action of said
river by changing its channel further eastward. The lands
thus made are occupied by the defendant below, and plaint-
iffs claim that they have been, since the survey, formed by
accretion, and hence belong to them as riparian owners.

In *New Orleans v. United States*, 10 Pet. [U. S.], 662,
717, McLean, J., in delivering the opinion of the court,
says: "The question is well settled at common law that the
person whose land is bounded by a stream of water, which
changes its course gradually by alluvial formations, shall
still hold by the same boundary, including the accumulated
soil. No other rule can be applied, on just principles.
Every proprietor whose land is thus bounded is subject to
loss, by the same means which may add to his territory;
and as he is without remedy for his loss in this way, he can-
not be held accountable for his gain." The same court,
through Justice Swayne, in *St. Clair Co. v. Lovingston*, 23
Wall., 68, uses this language: "In the light of the authori-
ties, alluvion may be defined as an addition to riparian land,
gradually and imperceptibly made by the water to which
the land is contiguous. It is different from reliction, and
is the opposite of avulsion. The test as to what is grad-
ual and imperceptible in the sense of the rule is, that
though the witnesses may see from time to time that prog-

ress has been made, they could not perceive it while the process was going on. Whether it is the effect of the natural or artificial causes makes no difference. The result as to the ownership in either case is the same. The riparian right to future alluvion is a vested right. It is an inherent and essential attribute of the original property. The title to the increment rests in the law of nature. It is the same with that of the owner of a tree to its fruits; and of the owner of flocks and herds to their natural increase. The right is a natural, not a civil one. The maxim '*qui sentit onus debet sentire commodum*' lies at its foundation. The owner takes the chances of injury and of benefit arising from the situation of the property. If there can be a gradual loss, he must bear it; if a gradual gain, it is his. The principle applies alike to streams that do, and to those that do not, overflow their banks, and where dikes and other defenses are, and where they are not, necessary to keep the water within its proper limits." To the same effect are the following authorities cited by defendants in error: *Jones v. Pettibone*, 2 Wis., 308*; *Walker v. Shepardson*, 4 Wis., 486; *Kraut v. Crawford*, 18 Ia., 549; *Lovingston v. County of St. Clair*, 64 Ill., 56; *Warren v. Chambers*, 25 Ark., 120.

The rights of riparian proprietors of lands were passed upon by this court in *Lammers v. Nissen*, 4 Neb., 245. We quote the first paragraph of the syllabus, which is as follows: "An accretion to land is the imperceptible increase thereto on the bank of a river by alluvion, occasioned by the washing up of sand or earth, or by dereliction, as when the river shrinks below the usual water mark; and land so formed by addition belongs to the owner of the land immediately behind it." The same rule was announced and applied in *Wiggenhorn v. Kountz*, 23 Neb., 690. The doctrine of the authorities, in this and other courts, is that all alluvions belong to the riparian proprietor. Stated differently, the owner of lands bounded by a river, or other stream of water, is entitled to all newly

formed ground gradually and imperceptibly made by the water to which the lands are contiguous; but if the alteration takes place suddenly, the land thus formed does not belong to the proprietor of the adjoining soil. In such case the ownership remains according to former bounds.

Testing the case at bar by the rules above stated, there is no room for doubt that the evidence supports the finding and judgment of the trial court. The testimony in the bill of exceptions discloses that the water in the Missouri river receded gradually; that the land in dispute was several years forming and that the accretions have not been sudden. The channel of the stream was not changed at once. These facts are established by numerous witnesses, and it can serve no useful purpose to give an abstract of their testimony in this opinion. The proof upon the point is of too convincing a character to justify us in holding that the lands belong to the defendant. The judgment is

AFFIRMED.