WILLIAM D. GULICK, APPELLEE, v. MARY WEBB ET AL., APPELLANTS.

FILED SEPTEMBER 18, 1894. No. 5544.

1. **Review:** FAILURE TO MAKE ARGUMENTS: WAIVER. Points not argued in the supreme court will be deemed to be waived.

2. **Judicial Sales:** AGREEMENT TO MAKE JOINT BID. Persons who desire to make a joint purchase of the property may enter into an agreement by which one person is authorized to bid on their joint account and for their joint benefit, on property about to be sold at sheriff's sale; and such agreement will not be illegal if it does not include the purpose not to compete, or not to bid, or to chill bids, or to 'prevent competition, or deter others from bidding; nor does the fact that such agreement may indirectly have the effect to keep others from bidding make it un-

lawful.   To render it illegal it must further appear that the
purpose of entering into the agreement was to avoid competition.

3. ———: AGREEMENT BY JUDGMENT LIENORS TO MAKE JOINT
BID.   At a sheriff's sale of real property, five holders of liens
against such property, none of whom were financially able to
bid individually at such sale, entered into an agreement whereby
one of their number, by attorney, bid in the property, which was
struck off to him as trustee for himself and the other four lien-
holders.   *Held*, That this was not such a combination as would
of necessity discourage or prevent competition in bidding, and
was therefore insufficient to vitiate the sale.

4. ———: CONFIRMATION: SUFFICIENCY OF EVIDENCE.   The evi-
dence examined, and *held* sufficient to sustain the finding and
judgment of the lower court in confirming the sale.

APPEAL from the district court of Lancaster county.
Heard below before TIBBETS, J.

*W. Henry Smith*, for appellants:

The agreement of the judgment lienors to purchase the
property was of such a character as to invalidate the sher-
iff's sale. ( *Wooten v. Hinkle*, 20 Mo., 290; *Stewart v. Nel-
son*, 25 Mo., 309; *Miltenberger v. Morrison*, 39 Mo., 71;
*Forelander v. Hicks*, 6 Ind., 448; *Phippen v. Stickney*, 3
Met. [Mass.], 385; *Jenkins v. Frink*, 30 Cal., 586; *Abbey
v. Dewey*, 25 Pa. St., 413; *Mapps v. Sharpe*, 32 Ill., 13;
*Griffith v. Judge*, 49 Mo , 536; *Bunts v. Cole*, 7 Blackf.
[Ind.], 265; *James v. Fulcrod*, 5 Tex., 512; *Hawley v.
Cramer*, 4 Cow. [N. Y.], 718; *Jones v. Caswell*, 3 Johns.
Cas. [N. Y.], 29; *Doolin v. Ward*, 6 Johns. [N. Y.], 194;
*Hannay v. Eve*, 3 Cranch [U. S.], 242; *National Bank of
Metropolis v. Sprague*, 20 N. J. Eq., 13, 159; *Staines v.
Shore*, 16 Pa. St., 200; *Wheeler v. Collier*, 1 M. & M.
[Eng.], 123; *Jackson v. Crafts*, 18 Johns. [N. Y.], 110;
*Dexter v. Shepard*, 117 Mass., 480.)

*Stevens, Love & Cochran, contra:*

An agreement to unite in a bid at an auction sale for the

joint benefit of the parties thereto is not void, if not dishonest in its motives or injurious in its consequences. (*James v. Fulcrod*, 5 Tex., 512; *Phippen v. Stickney*, 3 Met. [Mass.], 385; *Goode v. Hawkins*, 2 Dev. Eq. [N. Car.], 393; *Hunt v. Elliott*, 80 Ind., 245; *Small v. Jones*, 6 Watts & S. [Pa.], 122; *Smith v. Greenlee*, 2 Dev. Law [N. Car.], 126; *Switzer v. Skiles*, 3 Gilman [Ill]., 529; *National Bank of Metropolis v. Sprague*, 20 N. J. Eq., 159; *Bellows v. Russell*, 20 N. H., 427; *Jenkins v. Frink*, 30 Cal., 586; *Breslin v. Brown*, 24 O. St., 565; *Marie v. Garrison*, 83 N. Y., 14; *Smith v. Ullman*, 58 Md., 183; Benjamin, Sales [4th Am. ed.], notes under sec. 444; Bishop, Contracts [Enlarged ed.], sec. 528; 1 Lawson, Rights, Remedies & Practice, sec. 220; Rorer, Judicial Sales [2d ed.], sec. 77; 2 Freeman, Executions, sec. 297; Story, Sales, sec. 484; 1 Warvelle, Vendors, 257; Tiedeman, Sales, sec. 169.)

HARRISON, J.

As the result of an action in the district court of Lancaster county to foreclose certain mechanics' and mortgage liens the property proceeded against, to-wit, lots Nos. 7 and 8, in block No. 315, of Jane Y. Irwine's addition to the city of Lincoln, otherwise known as subdivision 62 of S. W. Little's subdivision of the west half of the southwest quarter of section 24, in township 10 north, range 6 east of the 6th P. M., in the city of Lincoln, Nebraska, was sold by the sheriff of said county under and by virtue of an order of sale issued in accordance with the terms of a decree rendered in the suit. The sale was made on the 16th day of February, 1892, to William H. Tyler for the sum of $13,000, which was more than two thirds of the appraised value. To the confirmation of the sale objections were filed by George E. Bigelow, as follows:

"Comes now the defendant George E. Bigelow and shows and represents to the court that he is the owner of

the equity of redemption in and to the property described in plaintiff's petition in the above entitled cause, and in the several answers and cross-petitions of the defendants therein, and objects and protests against the confirmation of the sale heretofore made by the sheriff of the said premises described in said petitions, for the following reasons, to-wit:

"1. That said premises were not appraised in accordance to the laws of the state of Nebraska; that they were not appraised at their real value in money, but were appraised at a sum far below and vastly less than their real value in money.

"2. That there was a confederation and combination on the part of the judgment lien-holders in this cause to bid said property in at a certain sum far less than its value and far less than two-thirds of its real value in money, and that by said combination and confederation, so formed and entered into by the said judgment lien-holders, purchasers were prevented from bidding at said sale, and said property was prevented from selling for a sum equal to what it would have brought had such confederation and combination not been formed; that said confederation and combination so formed prevented competition in bidding at the sale of said property and prevented purchasers from bidding thereon, and was in fraud of the rights of the owner of the equity of redemption of said premises; and if said sale is confirmed and allowed to stand, it will work great and permanent loss and injury to this defendant.

"This defendant therefore moves the court that said sale be not confirmed, but that the same be set aside and held of no force or effect."

Subsequently additional objections were filed by D. T. Coffman and George E. Bigelow, as follows:

"And now, February 23, 1892, come the above named parties and by leave, etc., file the following objections and protests against the confirmation of the sheriff's sale, etc.:

"1. The property was not properly appraised, as appears by appraisement filed.

"2. No proper return of sale was made by the sheriff, as required by law, prior to the first order of confirmation.

"3. No proper notice was posted in the sheriff's office, as is the custom of law prior to sale.

"4. The property was not properly described in the newspaper publication, as per affidavits of D. T. Coffman and Geo. E. Bigelow, filed herewith and made a part hereof, in that it was not sufficiently identified and located, nor was it sufficiently described by improvement, so as to distinguish or identify it or to attract bidders or to assure them that the improvements belonged to the property.

"5. An unlawful combination was entered into by several of the claimants and lien creditors to prevent competition at the bidding or crying of the sale, and that such combination was carried out and rival bidding was prevented, to the injury of the defendant and certain of the creditors.

"6. The property was sold at a grossly inadequate price, far below what it would have brought had not an unlawful combination been entered into to prevent bidding, and to cause it to be sold at a sacrifice and to the injury of the defendants Coffman and to the second mortgage creditor, Geo. E. Bigelow.

"7. The description of the property in the published advertisement was inadequate, vague, and uncertain, and calculated to mislead purchasers.

"8. The liens in the district court, Lancaster county, Nebraska, against the property sold were not properly certified to the sheriff. Witness the certificate, made a part hereof, under date of February 15, 1892.

"9. The sale was contrary to law."

Upon a hearing in the district court the objections to confirmation were overruled and the sale confirmed, to which action of the court the parties objecting duly excepted and

Gulick v. Webb.

have removed the case to this court for an examination and adjudication upon the question of the confirmation of the sale.

Counsel for appellants in his brief filed in this court argues but one of the grounds of objection to confirmation of the sale, and, conforming to a well established rule that questions not argued here will be deemed to be waived, we conclude that he rests the case upon the one ground alone and has abandoned all others. The objection then upon which the appellants rely is as follows: "An unlawful combination was entered into by certain of the claimants and lien-holders to prevent competition at the bidding or crying of the sale; that such combination was carried out and rival bidding was prevented, to the injury of the defendant and certain of the creditors." The evidence (which consists of affidavits of various persons) discloses that five of the lien-holders, whose liens were of the liens foreclosed in the action, no one of them being of sufficient financial ability to purchase the property, entered into an agreement or combination to the effect that one of their number, William Tyler, was to bid at the sale in behalf of all the five lien-holders and bid until the amount offered for the premises would equal the mortgage liens of one Gulick, which was prior to the liens of the five who entered into the agreement, and eighty per cent of the aggregate amount of their liens. A careful reading and analysis of all the evidence contained in the affidavits presented and used during the hearing in the district court, as preserved in the bill of exceptions and record filed in this court, satisfies us that the judge who rendered the decision and confirmed the sale was fully warranted in the conclusion which he evidently formed as a basis for the disposition made of the matters in controversy, that the agreement between the five lien-holders was one by which they combined to jointly purchase the property for their common benefit, and not an agreement not to bid or to

avoid competition or to deter others from bidding or competing at the sale; that in so combining they had no fraudulent or illegal intent or purpose. This being established, then the question arises whether such an agreement is forbidden by or is contrary to law, and sufficient to set aside the sale to the trustees acting or bidding for the parties to such contract. We have no doubt that in the earlier cases in which this question arose and was decided, some courts of high authority have announced a doctrine which would avoid this sale solely upon the grounds of the formation of such an association, regardless of the intent or motives of the parties, assigning as a reason that its necessary and unavoidable effect is to tend to discourage or prevent competition; but the later cases have in effect overruled the above doctrine and established what we consider a better and more practical one, that where an examination of all the facts and circumstances shows the object of the association was to enable the parties to compete where without combining they could not do so, formed for an honest purpose and with such an intent, and not with any view to preventing competition, or deterring bidders or "chilling bids," the sale will be upheld and completed. (See Rorer, Judicial Sales, sec. 94; *Hunt v. Elliott*, 41 Am. Rep. [Ind.], 794, 80 Ind., 245; Herman, Executions, sec. 205; Freeman, Executions, sec. 297; 1 Lawson, Rights, Remedies & Practice, sec. 220; *Phippen v. Stickney*, 3 Met. [Mass.], 385; *Smull v. Jones*, 6 Watts & S. [Pa.], 122; *Jenkins v. Frink*, 30 Cal., 586; *Fidelity Trust & Safety Vault Co. v. Mobile S. R. Co.*, 54 Fed. Rep., 26; *Breslin v. Brown*, 24 O. St., 565; *National Bank of Metropolis v. Sprague*, 20 N. J. Eq., 159; *Switzer v. Skiles*, 3 Gilman [Ill.], 529; *Marie v. Garrison*, 83 N. Y., 14; *Hopkins v. Ensign*, 25 N. E. Rep. [N. Y.], 306; *Wicker v. Hoppock*, 6 Wall. [U. S.], 94; *Maffet v. Ijams*, 103 Pa. St., 266; *Barling v. Peters*, 25 N. E. Rep. [Ill.], 765; *Neely v. McClure*, 1 Cen. Rep. [Pa.], 230; *Ritchie v.*

*Judd,* 27 N. E. Rep. [Ill.], 682; *James v. Fulcrod,* 5 Tex., 512; *Bellows v. Russell,* 20 N. H. 427; *Smith v. Greenlee,* 2 Dev. Law [N. Car.], 126; *Goode v. Hawkins,* 2 Dev. Eq. [N. Car.], 393; *Smith v. Ullman,* 58 Md., 183.) The decree of the district court confirming the sale was right and is

AFFIRMED.