GEORGE F. PEAKS v. AMBROSE M. LORD.

FILED OCTOBER 2, 1894.    No. 5413.

1. **Pleading**: REPLY.   Pleading affirmative matters in an answer, which amount to no more than a denial of plaintiff's cause of action, will not necessitate a reply.

2. **Instructions**: OBJECTIONS: REVIEW.   To entitle a party to a review of the action of a trial court in giving instructions the objections to the instructions must be pointed out in a motion for new trial.

3. **Partnership**: AGREEMENT OF DISSOLUTION: PARÒL EVIDENCE TO EXPLAIN.   Where an agreement of dissolution of partnership, reduced to writing and signed by the parties, stated that one of the partners assumed and agreed to pay the accounts and liabilities of a branch of the business conducted at Battle Creek, and gave no list of the items of charges or other reference to them, *held*, that evidence which disclosed what items were included in the accounts as charges against the designated portion of the business, as agreed upon between the partners prior to signing the articles of dissolution, was competent, and its admission was not erroneous on the ground that it tended to vary or modify the terms of the written agreement.

4. **Ruling on Motion to Strike Out Answer of Witness**: HARMLESS ERROR.   The overruling of a motion to strike from the record certain portions of the answers of a witness as not responsive to the question, where it appears that the matter thus sought to be eliminated is not calculated to mislead the jury or harmful to the rights of the moving party, *held* not prejudicial error.

5. **Assignments of error** not referred to or argued in the briefs filed will be deemed waived.

6. **Conflicting Evidence**: REVIEW.   Where the evidence is conflicting, but there is sufficient evidence to support the verdict, it will not be disturbed.

ERROR from the district court of Madison county. Tried below before SULLIVAN, J.

The opinion contains a statement of the case.

*S. O. Campbell* and *W. M. Robertson*, for plaintiff in error:

Every allegation of new matter in answer not denied by the reply, for the purpose of the action, must be taken as true. (*Hamilton Loan & Trust Co. v. Gordon*, 32 Neb., 663; *Dillon v. Russell*, 5 Neb., 484; *Steele v. Russell*, 5 Neb., 215; *Williams v. Evans*, 6 Neb., 216; *Payne v. Briggs*, 8 Neb., 75.)

The court erred in admitting testimony as to conversation, statement, or agreement by the parties prior to the signing of the written agreement of dissolution of the partnership. (*Watson v. Roode*, 30 Neb., 264; *Aultman v. Brown*, 40 N. W. Rep. [Minn.], 159; *Nichols v. Crandall*, 43 N. W. Rep. [Mich.], 875; *Dodge v. Kiene*, 28 Neb., 116; *Mills v. Miller*, 4 Neb., 441; *Hamilton v. Thrall*, 7 Neb., 210.)

*John R. Hays* and *Robinson, Reed & Foster*, contra:

Where the legal effect of the allegations in an answer is a mere denial of the averments in the petition, such allegations cannot be regarded as new matter which will be taken as true unless controverted by reply. (*Dayton Ins. Co. v. Kelly*, 24 O. St., 345; *Burroughs v. McLain*, 37 Ia., 189; *Mehurin v. Stone*, 37 O. St., 49; *Simmons v. Green*, 35 O. St., 104.)

Facts stated in an answer which could have been given in evidence under a general denial do not constitute new matter requiring a reply. (Maxwell, Code Pleading, 558; *Corry v. Campbell*, 25 O. St., 134; *Simmons v. Green*, 35 O. St., 104.)

HARRISON, J.

Ambrose M. Lord instituted suit in the district court of Madison county against George F. Peaks, alleging in his petition that on or about February 15, 1885, the parties to the action formed a copartnership for the purpose of

doing a retail lumber business under the firm name of Peaks & Lord, which business relation was continued until October 25, 1889, at which time it was dissolved by mutual consent; that at the time of the dissolution of the partnership the firm was indebted to various persons and firms, and among them to one Jacob Spies, in the sum of $212.48, for lumber purchased of him, which sum of indebtedness George F. Peaks, by the terms of the agreement of dissolution, assumed and agreed to pay, but failed and refused so to do; that suit was commenced by Jacob Spies May 13, 1890, in the county court of Madison county against the firm and the individual members thereof to recover said sum, and in which he obtained judgment therefor; that on July 15, 1890, Peaks failing and refusing to pay the judgment, Lord paid the same with interest and costs, amounting in total to the sum of $251.33, for which amount and interest from June 15, 1890, Lord prayed judgment. To this petition Peaks filed an answer, in the first paragraph of which he denied each and every allegation thereof not afterward expressed in the answer and specifically admitted. Then followed the admission of the formation, continuance, and dissolution of the firm and its indebtedness to Spies, as alleged in the petition. An allegation of lack of knowledge or information sufficient to form a belief in regard to the suit of Spies on the account, the judgment, or its payment by Lord, and a denial of all these matters, and the further portion of the answer we will give in the words therein used, as a full and correct knowledge of it will be necessary in deciding one point presented in the case here: "This defendant further answering says that at the time of the dissolution of the said firm of Peaks & Lord, the plaintiff, as a part of the indebtedness of said firm assumed by him, assumed and agreed to pay the indebtedness to said Jacob Spies of $212.48; that in consideration of the plaintiff assuming and agreeing to pay the indebtedness of said firm to the said Spies, with other indebt-

6

edness of said firm, this defendant assumed and has paid certain ·indebtedness of said firm." No reply was filed, and after the jury was impaneled and the first witness was sworn and placed on the stand, counsel for Peaks made an objection and motion as follows: "The defendant now objects to the introduction of any evidence in this case, for the reason that a material allegation of the answer, being the fourth paragraph thereof, is not denied by the plaintiff in this suit; and the defendant now moves the court to instruct the jury to find a verdict for the defendant, for the reason above stated." The action of the court in overruling the above objection and motion is one of the errors assigned in the petition in this court. The evidence was introduced and the jury returned a verdict for Lord, the plaintiff in the district court; Peaks filed a motion for a new trial, which was overruled, and judgment rendered on the verdict for Lord, and a review in this court of the proceedings during the trial below is asked by Peaks.

We will first notice the objection to any evidence being introduced under the pleadings, and motion for judgment for Peaks, because no reply had been filed denying the matter set up in the fourth paragraph of the answer. To state it in the strongest terms, this was merely affirmative matter, which amounted to no more than a denial of the cause of action stated in Lord's petition. Lord's action was predicated in part on the promise by Peaks to pay the debt to Spies. The allegation of the answer simply denied this, and stated that Lord had assumed and agreed to pay the Spies account. If on the trial there had been a finding in favor of Peaks he would have been entitled to no affirmative relief; nothing more than a general finding in his favor, a failure of Lord's cause of action, hence the answer did not require a reply and the court did not err in overruling the objection and motion. (See *Kavalier v. Machula*, 41 N. W. Rep. [Ia.], 590; *Jordan v. Buschmeyer*, 10 S. W. Rep. [Mo.], 616; Maxwell, Code Pleading, 558, and cases cited.)

Counsel for plaintiff in error argues in his brief that the court erred in giving instructions 6 and 7 of the instructions given by the court on its own motion. The giving of these instructions was not assigned as error in the motion for a new trial or in the petition in error, and hence are not entitled to consideration here.

Paragraph No. 10 of the petition in error is as follows: "The court erred in permitting the plaintiff to show, upon cross-examination of the plaintiff in error, that the matters in controversy were submitted to arbitration, or to a referee, prior to the signing the articles of dissolution. (See page 27, bill of exceptions.)" By examination of page 27 of the bill of exceptions we find the following in regard to the subject referred to in the paragraph quoted:

Q. Isn't it a fact this matter was submitted at one time to arbitration, or to a referee, prior to this time?

Objected to by the defendant, as incompetent, irrelevant, and immaterial, and not proper cross-examination. Overruled by the court, to which defendant excepts.

Q. Now I will ask you if this matter wasn't referred to a referee at one time?

A. What matter?

Q. This matter of the question as to how much interest you had in the business and how much interest Mr. Lord had in the business.

A. Certain questions were submitted to a referee for decision.

Q. Now, you may state if you didn't make a statement to that referee of the assets and things of that kind; have a showing of the assets of the business that was made by you. You may examine this, marked "Exhibit E," and state if that was a statement which was submitted to the referee.

A. It bears my signature. It must be so.

Q. You may state from that, Mr. Peaks, as to how much the agreed assets of the firm were at that time.

Objected to by the defendant, as immaterial.    Sustained
by the court, to which plaintiff excepts.

It will be noticed that the first question asked, and to
which objection was interposed and overruled, was not an-
swered; that the next objection which was made to any of
the testimony was sustained.   Clearly there is nothing in
this of which the plaintiff in error can complain.

Assignments numbered 5 and 9 are as follows:

"5. The court erred in admitting any oral testimony in
reference to the dissolution and settlement of the firm af-
fairs, the same having been reduced to writing and signed
by the members of the firm."

"9. The court erred in admitting any evidence of the
witnesses Lord and Burr tending to prove that the parties
to this action, prior to the making of the written articles
of dissolution and settlement, made a different settlement."

There was introduced in evidence an agreement signed by
the parties to this action, which we copy:

"The copartnership heretofore existing between Geo. F.
Peaks and Ambrose M. Lord under the firm name of Geo.
F. Peaks & Co., with offices and yards at Battle Creek,
Nebraska, and Burnett, Nebraska, was dissolved on the
30th day of September, 1889.   George F. Peaks assumes
payment of all accounts, notes, and taxes of the Battle
Creek yard, and will retain as his individual property the
real estate and buildings of the firm at Battle Creek, and
will own and is empowered to collect all accounts and notes
due the said Battle Creek yard, together with the follow-
ing notes due the Burnett yard, and which are indorsed by
A. M. Lord, to-wit: [Then followed an itemized list of
notes aggregating $970.74.]   Ambrose M. Lord assumes
payment of all accounts, notes, and taxes of the Burnett
yard and will retain as his individual property the real es-
tate, buildings, stock in trade and personal property of the
firm at Burnett, Nebraska, and will own and is empowered
to collect all accounts and notes due the said Burnett yard,

except the notes before mentioned as transferred to Geo. F. Peaks.

"Given under our hands and seals at Burnett, Nebraska, this second day of November, A. D. 1889.

"GEO. F. PEAKS.    [SEAL.]
"A. M. LORD.    [SEAL.]"

It is strenuously insisted by counsel for Peaks that this writing contained all the contract between the parties and that no evidence could be received to change, vary, or modify its terms.    There was testimony admitted to show that the Spies account was included in the Battle Creek account and assumed and to be paid by Peaks, and that it was so included at his request and demand before he would sign the above agreement.    There were also admitted some short statements of assets and liabilities of the two lumber yards as compiled from the books of account, and which were shown to be agreed to as correct by the parties before attaching their signatures to the contract of dissolution. Counsel for Peaks objected to all this testimony, but the court admitted it over the objection.    This is the action of which complaint is made in the last mentioned allegations of error, and it is argued by counsel that this testimony should not have been admitted, because it contradicted or modified the terms of the agreement in writing, under and by which the firm was dissolved.    The articles referred to, it will be remembered, stated that "George F. Peaks assumed payment of all accounts, notes, and taxes of the Battle Creek yard," and contained no list or statement of these accounts which were charges against the particular yard designated.    It appears to us very clear that the above language suggests a reference to the books of account or an agreed statement of what should compose or be considered the items of account chargeable and to be charged to the business at Battle Creek, as the only source of knowledge or information from which any light could be obtained regarding such items of charge, in any controversy

where the question arose for determination, and that the evidence was competent and material,—indeed it was the only evidence from which the account could be determined. The article of dissolution was, in respect to this subject, incomplete and clearly indicated and plainly directed where the further evidence was to be sought, and the admission of such evidence did not violate or infringe upon the rule invoked by counsel in their brief.

The next statements of the petition in error which we will consider are two in which complaint is made that answers to two questions were made by one of the witnesses in which he volunteered, or gave, some testimony which was not called for by, and not responsive to, the interrogatories propounded, and that the court erred in overruling the motion of counsel to strike it out. The matter contained in these answers was not responsive to the questions then asked, and the rules of strictly correct practice may have demanded that it be stricken from the record; but it was of the same class of testimony as we have hereinbefore held to be competent, and we cannot believe that the jury was misled by it or the rights of the complaining party prejudiced by leaving it stand as a part of the testimony; hence, if error, it was not prejudicial.

There are some assignments of error which are not referred to in the brief of plaintiff in error, and in accordance with the established rule of this court these will be deemed waived and not further noticed.

The only other error alleged in the petition is that the verdict is not sustained by sufficient evidence. The evidence was conflicting on the main issue involved, but we think fully sufficient to support the verdict rendered. It follows that the judgment of the district court is

AFFIRMED.