ABRAM G. REED v. CHARLES S. WOOD ET AL.

FILED NOVEMBER 8, 1894. No. 5650.

1. **Review**: ASSIGNMENTS OF ERROR: WAIVER. An assignment in a petition in error will be disregarded by this court where the same is not relied upon in the briefs filed.

2. **Instructions**: REVIEW: ASSIGNMENTS OF. ERROR. An assignment of error, which is directed generally by numbers merely, against three out of four instructions given at the request of the successful party is insufficient where none of said instructions are numbered, since it is too indefinite and uncertain as to the particular instructions intended.

ERROR from the district court of Pawnee county. Tried below before BUSH, J.

*Story & Story*, for plaintiff in error.

*G. M. Humphrey*, contra.

NORVAL, C. J.

Plaintiff in error was plaintiff in the court below. The petition upon which the case was tried alleges, in substance, that plaintiff was a commission merchant carrying on business in the city of New York; that the defendants shipped to plaintiff 215 cases of eggs to be sold on commission, the plaintiff to receive five per cent for making the sale, and all charges paid by him on the eggs; that at the time said shipment was made defendants drew a draft on the plaintiff for the sum of $900, which according to the custom of the trade was to be paid by plaintiff and the amount thereof to be deducted from the proceeds of the sale of the eggs; that said draft was presented to the plaintiff, and the same was accepted and paid by him before he received the eggs and without knowing their value; that plaintiff subsequently, after the receipt of the eggs, owing to the bad and unsalable condition of a large number thereof, was com-

Reed v. Wood.

pelled to, and did, sell the entire shipment for $881.15, which was the highest sum obtainable therefor; that plaintiff is entitled to a commission, for making the sale of $44.05; that he also paid the freight on the shipment, amounting to $134.91, and $6.45 cartage; that after deducting commission, freight, and cartage from the amount for which the eggs were sold there was a net balance of $695.74 applied by plaintiff on the $900 so advanced by him as aforesaid on said defendants' draft, and that they are indebted to plaintiff, by reason of the premises, in the sum of $204.26, for which amount judgment is prayed. The defendants for answer deny they are indebted to plaintiff in any sum whatever, and further answering the petition allege, in effect, that on the receipt of a telegram from plaintiff stating that the egg market in New York city was strong, stock scarce, and tendency upward, and that eggs were worth from twenty-two to twenty-two and three-fourths cents per dozen, defendants bought and shipped to plaintiff 215 cases, or 6,450 dozen fresh eggs, suitable for the market, to be sold on their arrival by the plaintiff for the defendants; that said eggs were worth in New York when they reached there the sum of $1,419; that plaintiff carelessly and willfully neglected to sell the eggs so consigned to him on their arrival, but carelessly and negligently kept the same for a long period without advising defendants of his intentions so to do, until the eggs became unsalable and unmarketable, before selling the same, and that by reason of the said negligence and carelessness of plaintiff said defendants have sustained damages in the sum of $378, for which they ask judgment against the plaintiff. The reply denies every allegation contained in the answer. On the issues thus formed the cause was tried to a jury, which resulted in a verdict and judgment for the defendants in the sum of $1.

The petition in error contains three assignments of error, as follows:

36

1. The court erred in giving the second, third, and fourth paragraphs of the instructions requested by the defendants.

2. The verdict was not sustained by sufficient evidence.

3. The court erred in overruling the motion for a new trial.

The second and third of the above assignments are not mentioned or referred to in the brief of counsel for plaintiff; hence, under the repeated utterances of this court, are regarded as waived, and will not be noticed by us. (*Gill v. Lydick*, 40 Neb., 508.) The first assignment is directed generally by numbers only against three instructions given at the request of the defendants. Turning to the transcript we find that the defendants asked four separate and distinct instructions, all of which were given by the court, and that none of these requests are numbered. The first assignment is, therefore, not sufficient to present any question for review, since it is left so indefinite and uncertain as to the particular instruction intended. Again, the assignment of error in the motion for a new trial, as well as the petition in error, is directed against the giving of a group of instructions *en masse*; hence, such assignment is insufficient, unless all the instructions in such a group are bad. Two of the four instructions asked by the defendant, and given by the court, read as follows:

"You are instructed that the law holds the consignee, in the conducting of the business of the consignor, to the same degree of care and diligence which a prudent man would exercise in the management of his own affairs.

"In determining the negligence, if any, on the part of the plaintiff to do and perform all that was required to be done in the matter of handling and selling the eggs for defendants, the jury should take into consideration all the circumstances that surround the transaction; any want of good faith on the part of the consignee, if it shall have been proved; the perishable nature of the article consigned, the deterioration of the same, and the consequent necessity

of selling the same at once; the keeping of the defendants in ignorance of the true condition of the eggs, if such facts shall have been proven, and the inconsistencies and absurdities which may appear from the testimony of the plaintiff, or his employes; or the failure of the plaintiff to perform any act which a reasonably prudent man would have done."

As to the instruction first above quoted it is sufficient to say that it is a literal copy of one of the instructions given on the trial in the district court in *Housel v. Thrall*, reported in 18 Neb., 484, and which was approved as good law by this court on the review of said case.   No criticism was made in the brief to the giving of the defendants' request last above quoted.   It is not believed to be faulty, but was based upon the evidence, and fairly submitted to the jury for their determination the disputed questions of fact in the case.   Having reached this conclusion, the first assignment of error must be overruled without an examination of the other instructions.   The judgment is

AFFIRMED.