WILLIAM J. BURGESS ET AL. V. N. E. BURGESS.

FILED FEBRUARY 19, 1895. No. 4434.

1. **Trial: ADMISSION OF EVIDENCE: HARMLESS ERROR.** Prejudicial error will not be implied from the introduction in evidence of a petition verified by affidavit, in which petition were contained only such statements as were afterwards by said affiant repeated on his oath in the course of the trial in which such petition was introduced in evidence, and in relation to which statements there was thereupon accorded and fully exercised the right of cross-examination.

2. **Evidence: LETTERS.** Where the handwriting in which was affixed the signature to a letter was identified as that of one of the parties to the action on trial, such letter, if otherwise competent and relevant, is admissible in evidence, even though the signature thereto is denied by the testimony of the party charged with writing it.

3. **Trial: OPENING AND CLOSING.** Where, with the tacit consent of his adversary, a party litigant had assumed the burden of proof until the case was ready for presentation to the jury, the

refusal of the district court at that stage of the proceedings to permit the hitherto consenting party to open and close is fully approved.

ERROR from the district court of Gage county. Tried below before APPELGET, J.

*L. W. Colby* and *R. S. Bibb,* for plaintiffs in error.

*L. M. Pemberton* and *Griggs & Rinaker, contra.*

RYAN, C.

This action was tried in the district court of Gage county as an appeal from the probate of the will of Sophia A. Burgess. The contestant was a son of said decedent, whose legacy was but $10. There were two sisters and one brother of the contestant, who made common cause with him, since each was entitled to a legacy of like amount. The residue of the property of the deceased,—eighty acres of lands and perhaps some debts due her,—by the will was to be distributed among two sisters and one brother of the contestant. The objections to the probate of the will were that the testatrix was at the time of the execution thereof unduly influenced by the favored devisees and not of sound mind and competent to dispose of her property. There was a general verdict in favor of the contestants, as well as the following special findings:

"Do you find from the evidence that the testatrix at the time of the making of the will in controversy was possessed of sufficient mental capacity to understand the extent and the nature of the business in which she was engaged? Answer: No.

"Do you find from the evidence that the testatrix, Sophia Burgess, was constrained or coerced through undue influence or restraint in making the will in question? Answer: Yes."

The trial of this cause was one of those interesting ex-

hibitions sometimes given with respect to the distribution of property among the individual members of a family in which there is displayed more zeal than affection. There was sufficient evidence from which the jury might properly find, as they did both generally and specially. It would be unnecessary to discuss any details if complaint had not been made by plaintiffs in error as to certain rulings in the course of the trial. One of these was as to the introduction in evidence of a copy of the petition filed during the lifetime of the testatrix asking for the appointment of a guardian of her person and estate. This petition was sworn to by the contestant, N. E. Burgess, and by Henry Richardson the husband of one of the legatees who now assists in the contest. On the trial of this case there was evidence that the testatrix had been prejudiced against these petitioners by representations to her made by the proponents, that said N. E. Burgess and Henry Richardson had procured the latter to be appointed her guardian by filing a petition in which she was described as crazy,—a descriptive term as applied to herself to which she had decided objections. A letter of one of the daughters of the testatrix, who favored the contest, was on the trial, by the proponents introduced in evidence. In this letter the writer had expressed a decided disapproval of the then pending proceedings for the appointment of a guardian because, as she therein insisted, her mother was not insane. The essential averments of the petition for a guardian were that by reason of Mrs. Burgess' age and the enfeebled condition of her mind she was not mentally competent to have the charge and management of her property. As both N. E. Burgess and Henry Richardson testified orally on the trial and were fully cross-examined as to the above propositions—the only material ones contained in the petition for guardianship—it is not perceived just what prejudice resulted from its introduction in evidence. Indirectly it contradicted the representations made to the testatrix according to some evidence

introduced, and contributed an explanation of what seemed contradictions between the epistolary and oral statements of the writer of the letter above referred to. Probably these last considerations would not, however, have been a sufficient justification of the admission of this evidence, if, by the said petition, there had been presented to the jury material independent statements of facts, as to which there was offered no opportunity of cross-examination on the trial of the case.

It is urged that there was error in permitting to be introduced in evidence a letter signed W. J. B. It is true William J. Burgess, one of the proponents of the will, testified that he never signed by his initials, and that he did not think the above initials were in his handwriting. The statements in the letter which seem to have been regarded as material were that oath had been made in the aforesaid petition for guardianship that Mrs. Burgess was insane, and in that connection it was affirmed in the letter that the appointment of Mr. Richardson, as guardian, had been brought about so that Richardson might "make a raise" on the old lady's property. These charges were followed by threats of measures not described, but which would defeat the plans above referred to. The denial of the signing of the initials was somewhat qualified by Mr. Burgess and made to depend to a considerable degree upon the general proposition that he never signed by his initials alone. It was doubtless regarded as important by him that there should not be conveyed to the jury the impression that the making of the will, under which he was a beneficiary, was, in any way, brought about through his influence. There was, therefore, an inducement to deny that he was the author of the letter which seemed to indicate that, in his mind, there had existed, before the will was made, an intention to influence his mother to punish Mr. Richardson for making oath that she was insane. It would afford a dangerous precedent to hold that where the alleged writer of a letter denied that the sig-

nature thereto was in his handwriting, no other evidence was competent as to the genuineness of such signature; yet this is, in effect, the contention of the plaintiffs in error, for it is shown by the bill of exceptions that at least three witnesses, well acquainted with the handwriting of W. J. Burgess, testified that from such knowledge they were able to say, and did say, that he signed the initials in question. Under these circumstances the court properly allowed the letter to go to the jury.

From the outset of the trial to the close of the rebutting evidence the contestant by common consent was recognized as the proper party to open and close. After the completion of the contestant's rebuttal the proponents asked to be allowed to introduce evidence in rebuttal thereof, which the court refused. There was no explanation made as to what evidence would have been offered if this request had been granted. We cannot conjecture what proofs could have been tendered, for the rebuttal which it was proposed to rebut was confined to contradictions of matters of evidence introduced on the defense by the proponents. Immediately after this ruling was made the proponents asked the privilege and claimed the right to open and close the argument to the jury. As to this the court said: "I think if the case had been tried on that theory all the way through, it would have been all right, but we will not change the arrangement now." In this view expressed by the court we concur, and, even if we differed on this proposition, there would under the circumstances be no interference with this ruling, for the order of trial must largely be left to the discretion of the presiding judge. (*Goodman v. Kennedy*, 10 Neb., 274; *Village of Ponca v. Crawford*, 18 Neb., 555; *Omaha Southern R. Co. v. Beeson*, 36 Neb., 361.)

The petition in error calls in question the correctness of certain instructions, and as to others alleges that there was error in refusing to give them as requested. Each of these

assignments is directed to a group and not to any single instruction.    Aside from this, there is in the brief of plaintiff in error no attempt to point out in what respect there was error in either the giving or refusal complained of. These assignments in the petition in error must, therefore, be deemed waived. (*Brown v. Dunn*, 38 Neb., 52; *Gill v. Lydick*, 40 Neb., 508; *Glaze v. Parcel*, 40 Neb., 732.) The judgment of the district court is

AFFIRMED.