REVERSED AND DISMISSED.

B. F. MADSEN v. STATE OF NEBRASKA.

FILED APRIL 5, 1895.     No. 5701.

1. **Briefs:** WAIVER OF ERROR. Assignments in a petition in error not argued in the brief of the plaintiff in error will be considered waived.

2. **Criminal Law:** ERRORS DURING TRIAL: REVIEW. In order to obtain a review of alleged errors occurring during the trial the attention of the district court must be challenged to the same in a motion for a new trial, and such alleged errors must be specifically assigned in the petition in error.

ERROR to the district court for Douglas county. Tried below before DAVIS, J.

*Ira C. Bachelor* and *Silas Cobb*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

NORVAL, C. J.

An indictment was returned to the district court of Douglas county, charging the plaintiff in error, as a member of the city council of the city of Omaha, with having solicited a bribe. A verdict of guilty was returned, whereupon a motion for a new trial was filed, alleging:

1. The verdict was not sustained by the evidence.

2. The verdict is contrary to law.

3. Newly discovered evidence, material to the defendant,. which he could not with reasonable diligence have discovered and produced at the trial.

4. Surprise, which ordinary prudence could not have guarded against.

The motion for a new trial was overruled by the court, and the plaintiff in error was sentenced to pay a fine of $300 and the costs of prosecution.

The petition in error alleges the following errors:

1. In refusing to instruct the jury to return a verdict of not guilty.

2. In giving the first, second, and third instructions, and each of them.

3. The overruling of the motion for a new trial.

4. In permitting testimony to be given before the jury over the objection of the plaintiff in error.

In the brief filed by counsel of plaintiff in error, none of the errors assigned in the petition in error are relied upon for a reversal of the judgment. Again, it will be observed that not one of the grounds contained in the motion for a new trial is embodied in the petition in error. Owing to the peculiar condition of the record indicated above, no proposition is presented to this court for review. It has more than once been held that assignments in a petition in error not argued in the brief will be considered waived. (*Scott v. Chope*, 33 Neb., 41; *Brown v. Dunn*, 38 Neb., 52; *Phenix Ins. Co. v. Reams*, 37 Neb., 423; *Gill v. Lydick*, 40 Neb., 508; *Glaze v. Parcel*, 40 Neb., 732.) It is a well established rule that in order to obtain a review of alleged errors occurring during a trial, the attention of the trial court must be challenged to the same in a motion for a new trial, and such alleged errors must be specifically assigned in the petition in error. (*Tecumseh Town Site Case*, 3 Neb., 267; *McCormick v. Drummett*, 9 Neb., 384; *Tomer v. Densmore,* 8 Neb., 384; *Shaffer v. Maddox*, 9 Neb., 205; *Birdsall v. Carter*, 11 Neb., 143; *Lowe v. City of Omaha*, 33 Neb.,

587; *Dillon v. State,* 39 Neb., 92; *Haverly v. Elliott,* 39 Neb., 206.)   The judgment is

AFFIRMED.