HARRISON H. BLODGETT V. JAMES H. MCMURTRY ET AL.

FILED MARCH 3, 1898.   No. 7851.

1. **Review: RULINGS ON EVIDENCE.** The exclusion of testimony which does not tend to establish either a cause of action or defense is not ground for reversal.

2. ———: ———: ASSIGNMENTS OF ERROR. An assignment in a petition

in error of "errors of law occurring at the trial" is insufficient to present for review the rulings of the court below on the admission or exclusion of testimony.

3. ——: POINTS NOT ARGUED. Alleged errors not referred to or argued in the briefs are waived.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.  *Affirmed.*

*H. H. Blodgett, pro se.*

*Webster, Rose & Fisherdick, contra.*

NORVAL, J.

This action was to recover damages for wrongful interference with the title, not of record, to lot 4, in block 49, in the city of Lincoln, alleged to have been sustained by the execution of a quitclaim deed covering said lot and other property by the defendants to the Omaha & Republican Valley Railroad Company. Verdict and judgment were against the plaintiff, and he has brought the record here for review.

A brief reference to the facts is essential to an understanding of the questions presented. On February 3, 1876, the defendants, by a deed of general warranty, conveyed the lot in controversy to E. Mary Gregory, which deed was not placed upon record. On June 9, 1888, the defendants made and delivered a quitclaim deed to the railroad company for the lot aforesaid. Plaintiff contends that prior to said last conveyance E. Mary Gregory and her husband, J. S. Gregory, for value sold the property to one Joseph Taylor, who, it is alleged, made a deed of quitclaim of the property to the plaintiff on September 3, 1890. This last deed was excluded from the jury, as evidence, on the trial, which ruling is assigned for error. It was properly excluded for two reasons: First, the alleged conveyance of the lots by Gregory to Taylor was denied in the defendants' answer, and the proofs failed to establish that such deed was ever made and delivered. If Taylor had no title to the property, he could convey

none to Blodgett. That is clear. Again, the deed from Taylor was made subsequent to the conveyance to the railroad company, and only purported to quitclaim to plaintiff the grantor's right, title, and interest in the lot itself, and did not assign to the grantee any right of action the grantor may have had against the McMurtrys. To entitle plaintiff to recover it devolved upon him to prove, by competent evidence, that the title to the property was in himself at the time the deed to the railroad company was made, or that the person holding such title assigned to plaintiff the claim against the defendants for compensation. The deed to Taylor did not tend to establish either of these facts, and it was not error to refuse to permit it to go in evidence.

It is next insisted that the court below erred in the exclusion of the following offer made by plaintiff, as shown by the bill of exceptions: "The plaintiff offers to prove that at the time of the transfer in question it was agreed between Mr. Blodgett and Taylor that Mr. Blodgett should have Mr. Taylor's right to the title, as well as any and all damage to the title to the property in controversy—lot 4, block 49,—and that it was the intention of the parties at that time to transfer all right held by Taylor at that time." The exclusion of the foregoing was not specifically assigned as error in the petition in error, the assignment therein being "errors of law occurring at the trial and duly excepted to." This was insufficient to present for review in this court any ruling made in the court below on the admission or exclusion of testimony. (*Murphy v. Gould,* 40 Neb. 728; *Houston v. City of Omaha,* 44 Neb. 63; *Wanzer v. State,* 41 Neb. 238; *Mullen v. Morris,* 43 Neb. 596; *Imhoff v. Richards,* 48 Neb. 590.)

The giving and refusing of instructions are made the basis of two assignments in the petition in error, but such assignments not having been argued in the briefs are deemed waived. (*Peaks v. Lord,* 42 Neb. 15; *Madsen v. State,* 44 Neb. 631; *Glaze v. Purcel,* 40 Neb. 732; *Johnson v. Gulick,* 46 Neb. 817.) The judgment is

AFFIRMED.