F. C. HOLBERT v. WILLIAM B. CHILVERS ET AL.

FILED JUNE 8, 1899.   No. 8911.

1. **Conflicting Evidence:** REVIEW. Where the evidence is conflicting, it is not the province of this court to examine it further than to see that there is sufficient to justify the conclusion reached.

2. **Instructions:** REVIEW. Where instructions correctly state the propositions they assume to cover and fairly submit to the jury the only controverted question in the case, the verdict will not be disturbed.

ERROR from the district court of Pierce county. Tried below before ROBINSON, J. *Affirmed.*

*H. Z. Wedgwood,* for plaintiff in error.

*Benjamin Lindsay, contra.*

SULLIVAN, J.

This action was commenced in the district court of Pierce County by William B. Chilvers and Irene E. Chilvers to recover from F. C. Holbert and William H. Mast a balance alleged to be due upon a contract for the sale of a town lot. The cause was tried to a jury, who found in favor of Mast and against Holbert. Judgment was rendered on the verdict, and by this proceeding in error the record is brought here for review.

From the pleadings and evidence it appears that the Chilvers sold lot 2, in block 4, of Chilvers' Addition to the village of Pierce to Holbert, and about the same time sold an adjacent or adjoining lot to Mast; that the defendants afterwards exchanged these lots, each assuming the unpaid purchase price of the lot acquired by the exchange. The issue submitted to the jury was whether the plaintiffs had released Holbert from his agreement to pay for lot 2 in consideration of the promise of Mast to pay the balance due upon the purchase price of said lot. It is contended that the verdict is not sustained by sufficient evidence. We think it is. It is true that Mr. Chilvers knew of the exchange between the defendants; that he expressly consented to it and attested the assignment written on the back of Holbert's contract of purchase. It is also true that there was testimony to the effect that Mr. Chilvers accepted Mast's agreement to pay for the lot and discharged Holbert from his obligation; but this is expressly denied by Chilvers. The evidence was conflicting, and the jury having decided the issue, it is not the province of this court to review such determination or to examine the testimony further than to see that

there was sufficient evidence to justify the conclusion reached.

A general complaint is made of the instructions given, but we think they correctly state the propositions which they assume to cover and fairly submit to the jury the only controverted question in the case. The judgment is

AFFIRMED.