Mandell v. Weldin.

W. F. *Evans, L. W. Billingsley* and *R. J. Greene,* for plaintiff in error.

*Stewart & Munger,* contra.

MARION H. MANDELL, APPELLEE, V. ZEPHANIAH A. WELDIN ET AL., APPELLANTS.

FILED MARCH 7, 1900.  No. 9,164.

1. **Waiver.** Points not argued in this court will be deemed to be waived.

2. **Confirmation of Judicial Sale:** OBJECTIONS. Objections to the confirmation of a judicial sale will be disregarded on review when not brought to the attention of the trial court.

3. **Motion to Vacate is No Part of Bill of Exceptions.** A motion to vacate a sale, when filed, is a part of the record, and should not be embodied in the bill of exceptions.

4. **Motion to Set Aside:** CERTIFICATE OF CLERK. A motion to set aside a sale can not be considered, unless certified in the transcript by the clerk of the district court.

APPEAL from the district court of Buffalo county. Tried below before GREENE, J. *Affirmed.*

*Francis G. Hamer,* for appellants, cited: *Burkett v. Clark,* 46 Nebr., 466; Compiled Statutes, 1897, p. 547, ch. 24, sec. 2; *Furbush v. Barker,* 38 Nebr., 1; *Nash v. Baker,* 37 Nebr., 713; *Ecklund v. Willis,* 42 Nebr., 737; *Vought v. Foxworthy,* 38 Nebr., 790; *Kearney Land & Investment Co. v. Aspinwall,* 45 Nebr., 601; *Shelby v. Alcorn,* 36 Miss., 273.

*Jacob Bailey* and *Wm. Gaslin*, for appellee, cited: *Rector v. Rotton*, 3 Nebr., 171; *Fried v. Stone*, 14 Nebr., 402.

NORVAL, C. J.

This appeal was prosecuted from an order of the district court confirming the sale of real estate made under a decree of foreclosure. The defendants filed a motion in the court below, before the sale, to set aside the appraisement on the ground that the property was appraised too low; but as this objection is not argued, it must be deemed to be waived. See *Gulick v. Webb*, 41 Nebr., 706. It is the settled doctrine of this court that objections to the confirmation of a judicial sale of real estate must be specifically assigned in the motion filed in the lower court to vacate the sale. See *Ecklund v. Willis*, 42 Nebr., 737; *Hooper v. Castetter*, 45 Nebr., 67. The defendant, in the brief and at the bar, argued numerous grounds for vacating the sale, but in the transcript of the record there is not to be found a copy of any motion to set aside the sale, so we are not properly advised of the objections to the sale that were made in the district court. It follows that the objections argued can not now be considered. It is true that what purports to be a copy of the motion to vacate the sale is incorporated in the bill of exceptions, but that does not entitle the motion to be considered. It had no place in the bill of exceptions, and was improperly incorporated therein. The purpose of a bill of exceptions is to bring into the record that which would not otherwise there appear. A motion to set aside a sale becomes, when filed, a part of the record in the cause, and no more requires to be included in a bill of exceptions than does a petition in a cause, the instructions, or a judgment or decree. See *Eaton v. Carruth*, 11 Nebr., 231; *Chamberlain v. Brown*, 25 Nebr., 434; *Blumer v. Bennett*, 44 Nebr., 873. The order is

AFFIRMED.