WILLIAM T. YOUNG, APPELLEE, V. LAMBERT C. KINNEY, APPELLANT.

FILED SEPTEMBER 25, 1909.  No. 15,767.

1. **Appeal: EVIDENCE.** It is not error to exclude evidence of a fact that is not disputed, and has been proved by other uncontradicted evidence.

2. ——: ——. The receipt or rejection of collateral evidence is largely within the discretion of the trial judge, and his rulings in that regard will rarely be disturbed.

3. ——: EVIDENCE AT FORMER TRIAL. Where a court has rejected all certificates attached to a document purporting to be a bill of exceptions, it is not error to refuse counsel permission to read therefrom the testimony of a witness.

4. ——: QUESTIONS OF FACT. Where, in an action at law, the evidence is conflicting, it is not the province of this court to examine it further than to see that there is sufficient to justify the conclusion reached.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan,* for appellant.

*J. J. Kinney* and *Wright & Wright, contra.*

DEAN, J.

This is an action in replevin involving the ownership and the right of possession of a horse valued in plaintiff's affidavit at $45. The court costs now amount to about $600. This is the second appeal of the case. The opinion on the first appeal is reported in 79 Neb. 421. In the first trial the plaintiff recovered verdict and judgment. On appeal the case was reversed on two grounds, one of them being that the plaintiff on cross-examination was asked if he had not testified at the trial in the county court that the first time he saw the animal in question to remember it was when it was between two and three years old, and that he answered he did not remember.

The defendant then called the county judge, and offered
to prove by him that at the trial in the county court the
plaintiff so testified. The denial of the offer was held to
be error. Another assignment in the first trial was to the
effect that the argument of plaintiff's counsel was some-
what inflammatory, and tended to prejudice the jury
against the defendant and his witnesses, and this was
likewise held to be erroneous. On its second trial the
county judge was permitted to testify on the disputed
point. Finding no exceptions in the record to the argu-
ment of counsel for defendant, we assume that he com-
mendably repressed his emotions in the particular com-
plained of in the first trial. The second trial resulted as
before, and the defendant again appeals. He assigns 20
grounds of error. In the typewritten brief of errors there
are many assignments, but in the printed brief complaint
is only made concerning certain rulings relative to the
evidence. We have examined the record carefully, and
conclude there is no reversible error shown.

As stated in the former opinion, the identity of the
horse in question is the principal matter in controversy.
On this point many witnesses were examined on both
sides, and the testimony was conflicting, but there is an
abundance of evidence to support the verdict of the jury,
and, under the rule long established and adhered to by
this court, we are not disposed to disturb it. In *Holbert
v. Chilvers,* 58 Neb. 665, speaking for the court, SULLIVAN,
J., says: "Where the evidence is conflicting, it is not the
province of this court to examine it further than to see
that there is sufficient to justify the conclusion reached."
*Upton v. Levy,* 39 Neb. 331. The defendant introduced
many witnesses to prove that the horse in question, when
a colt, was branded by him with a hatchet brand on the
jaw, and that it was to some extent discernible ever after-
wards. Almost, if not quite, an equal number of wit-
nesses testified on the part of plaintiff that no such brand
could be discovered. The rights of the litigants turn to
some extent upon the existence or absence of defendant's

hatchet brand upon the horse when it was a colt. Several witnesses who were jurors at the first trial testified that by permission of court at the former trial the horse was examined by them, being thrown for that purpose, and his jaw closely examined and the hair removed, and no such brand was discovered. On this point the testimony seems to preponderate in favor of the plaintiff. At the last trial, on request of defendant, the jury were by the court permitted to view the animal, but when leave was asked by the jury to clip the hair at the place where the defendant said the horse was branded, in order that a closer inspection might be made, the defendant interposed an objection, which was overruled and the request of the jury granted.

During plaintiff's cross-examination he denied testifying upon the former trial to certain facts, and to contradict him defendant's counsel offered part of the bill of exceptions of the testimony given on that trial. This testimony was excluded, and defendant assigns error. Preceding the offer of the testimony counsel offered the certificate of the reporter, the filing marks on the bill, the certificate of the trial judge, and the certificate of the clerk of the district court, which stated, among other things, that the document was the original bill of exceptions in that case. The court excluded the offered evidence on the ground that it had not been identified in the manner provided by law. Whether the court was right or wrong we need not determine because the printed brief makes no complaint concerning this ruling. *Brown v. Dunn,* 38 Neb. 52; *Peaks v. Lord,* 42 Neb. 15; *Madson v. State,* 44 Neb. 631; *Blodgett v. McMurtry,* 54 Neb. 69; *Gulick v. Webb,* 41 Neb. 706; *Mandell v. Weldin,* 59 Neb. 699. With the certificates excluded, strictly speaking, there was not sufficient foundation laid for the introduction of the evidence offered, and hence there was no error in excluding the evidence. We have not overlooked the stipulation of counsel, but it did not go to this evidence, and, again following closely the rules of evidence, we are con-

strained to hold that it was properly excluded. But, in any event, the refusal of the trial court to admit the testimony thus offered by the defendant did not conclude his right in this respect. The record shows the presence of the jurors at the former trial as witnesses at the second trial, and the impeaching testimony, if true, might have been established by them. The defendant was not limited in this respect to the record testimony offered by him and denied by the court.

The defendant brought to the courthouse other horses owned by him, and requested that the jurors examine the brands upon those horses, to the end that a comparison might be made of the disputed mark or brand with the undisputed ones. If the court was satisfied that the circumstances surrounding the branding of the disputed horse, if it ever was branded with the hatchet brand, and those connected with the marking of other horses were so nearly alike that the results ought to be identical or nearly so, in its discretion it might receive the evidence. It is largely in the nature of experimental evidence and is relevant. 2 Moore, Facts, sec. 1209; 1 Wigmore, Evidence, sec. 460; *Davis v. State,* 51 Neb. 301. The ruling of a trial court in the exercise of the discretion confided to it in rejecting or receiving collateral evidence, unless abused, will rarely be overruled in this court. *Fitch v. Martin,* 84 Neb. 745. For the same reasons the fourth and sixth assignments of error argued in the briefs are overruled.

The complaint that the court erred in refusing to permit defendant to testify in answer to certain questions that he was the owner of the hatchet brand is without merit. The fact is conceded all through the case. It is undisputed, and was specifically testified to by defendant in answer to other questions.

The court with propriety might have received defendant's testimony concerning the effect of branding a horse afflicted with distemper; that is, that the brand would likely blotch; but the error, if any, in rejecting that evi-

dence is without prejudice in the present case. The brand, if brand it was, was blotched beyond question.

We feel impelled in this case to affirm the judgment because plaintiff has twice prevailed on a question of fact. The jurors in each instance inspected the horse in question, and doubtless a majority of them had as much expert knowledge concerning the appearance of brands and wire cuts on horses, and have as much ability to decipher the disputed mark, as any expert produced on the stand. That most important evidence from its nature was not and could not have been included in the bill of exceptions, and we feel that none but the most glaring errors ought to work a reversal of the judgment of the district court. The testimony is somewhat conflicting throughout, but the law has imposed upon the jury, as triers of fact, the task of determining the credibility that is to be accorded to the witnesses and the weight that is to be given to the evidence.

The record shows that the trial court was liberal in the range of inquiry that was permitted to both sides. The case has been long drawn out and thoroughly sifted. The county judge testifies that it was pending in his court "pretty near all summer." From the record before us, we conclude that sufficient of the material facts with reference to the identity, ownership and right to possession of the animal in question have been presented by the plaintiff to sustain the verdict, and that, in the particulars complained of, the trial court committed no reversible error.

The judgment of the district court therefore must be, and it hereby is in all things,

AFFIRMED.

REESE, C. J., absent and not sitting.