JOHN SEGEAR, PLAINTIFF IN ERROR, V. LILLIE SEGEAR, DEFENDANT IN ERROR.

1. **Divorce and Alimony.** The provisions of section 4, chapter 25, Compiled Statutes, providing for the payment of alimony, afford a just and reasonable remedy, and, except in extraordinary cases, none other will be resorted to for the enforcement of judgments or orders in cases of alimony or maintenance.

2. ———. In an action for divorce by the wife, on grounds of extreme cruelty and gross neglect of support, the judgment of the district court will be affirmed where there is sufficient evidence to support it.

ERROR to the district court for Holt county. Tried below before TIFFANY, J.

*Uttley & Small,* for plaintiff in error, cited : 6 Waite's Practice, 139. *U. S. v. Hudson,* 7 Cranch, 32. *Yates v. People,* 6 Johns., 337. *Newhouse v. Newhouse,* 12 Pac. Rep., 422. Const., Sec. 20, Art. I. *State v. Jaynes,* 19 Neb., 697.

No appearance for defendant in error.

COBB, J.

This action was brought by the wife against the husband, before the district court of Holt county, under the provisions of Chap. 25, Comp. Statutes, for divorce and alimony, on the grounds of extreme cruelty and gross neglect of support.

The petition claimed alimony out of the husband's ownership of neat cattle valued at $185, and of his pre-emption and timber culture rights, under laws of the United States, in two separate quarter sections of public land, under improvement, valued at $800, his title to which were inchoate, and in elements merely.

The defendant appeared and answered, denying the material allegations, and denying the ownership of personal, property. Testimony was taken and preserved of record.

On September 30, 1884, on the hearing of the petition, answer, and testimony, it was ordered by the court, "that a separation between the parties from bed and board only be had, until the further order of the court; that the defendant pay the sum of $25, monthly, commencing October 15, 1884, for the maintenance of the plaintiff, until the further order of the court, and pay $25 counsel fees to plaintiff's attorney, to which the defendant excepted."

On May 20, 1885, the defendant, having failed to comply with the order of the court, providing alimony and, counsel fees, was cited to appear forthwith and show cause why he should not be dealt with for contempt, in answer to which the defendant appeared, purged himself of contempt, and alleged that he had no property or other means to comply with the order of the court.

Subsequently, on May 22, 1885, on final hearing, both parties were further examined before the court, the petitioner maintaining, and the defendant denying, his possession of property, or his ability to pay the sums of alimony and counsel fees. Divorce absolute of the parties was thereupon decreed, with costs against the defendant.

On the following day of the term, May 23, 1885, on motion, and it appearing that the defendant had continually neglected to pay the allowance of alimony, amounting to $225, the court ordered that he be committed to the jail of Holt county, until he pay or satisfactorily secure the payment of that sum and the costs, on which judgment was issued the *capias ad satisfaciendum* of the court, and the defendant committed under it. The defendant's motion, *pari passu*, to vacate the order of commitment, or to be let to bail pending an application to review the judgment and proceedings to the supreme court, was overruled and exceptions taken.

The cause is brought to this court by the defendant, who assigns the following errors:

1st. That the court had not jurisdiction to commit to jail for failure to pay the judgment for alimony.

2d. That the action for contempt is not within the provisions of the statute in such cases.

3d. That the court erred in finding the facts sufficient to warrant alimony.

Other assignments of error are made, not now regarded important or material to be considered in the adjudication of the case.

Section 4 a of chapter 25 of Compiled Statutes, title, Divorce and Alimony, provides that: "All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by execution and proceedings in aid thereof, or other action or process as other judgments."

The provisions of this section establish the character of an order for the payment of alimony with that of a judgment at law, and limits the enforcement and collection to the same means. It is not in the nature of tort, and in the absence of fraud, by the defendant, he could not be subjected to a more summary method of collection than that of levy and sale of property as upon executions at law. The commitment, therefore, for *contempt*, under the provisions of title 20, section 669 of the civil code, to enforce the judgment for alimony, was not a lawful remedy, nor was the non-payment of the judgment, by the defendant, that "willful disobedience of, or resistance willfully offered to, the lawful process or order of the court," contemplated by the statute. All proceedings therein, enforced by the district court against the defendant, are voidable, and will be set aside.

Of the remaining question, as to the sufficiency of the facts to warrant the judgment of alimony, it is observed

that the controversy was pending for nine months in the court below; that the testimony was formally taken and considered, and though conflicting as to the domestic merits and family contentions of the parties, was without doubt carefully weighed by the court and the judgment established on sufficient grounds.

It was held, in 1878, by this court, in *Callahan v. Callahan,* 7 Neb., 38, that on appeal, where no question of law is involved, the testimony conflicting and pretty evenly balanced, the judgment of the court will not be disturbed. Both the premises and conclusions of this precedent apply in this instance. The judgment of the district court upon this part of the case is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.