FRED O'CHANDER V. STATE OF NEBRASKA.

FILED OCTOBER 1, 1895. NO. 7469.

1. **Contempt:** NATURE OF PROCEEDINGS. Proceedings in contempt are criminal in their nature, and the rules of strict construction applicable to criminal preceedings are to govern therein.

2. ———: APPEAL BOND: INJUNCTION. An appeal bond in an action for injunction which omits a material condition prescribed by law is insufficient and will not operate to supersede a decree of the district court dissolving an order of injunction and continue the order in force during the pendency of the appeal to this court.

3. ———: SUFFICIENCY OF COMPLAINT. The complaint or information in this case examined, and *held* insufficient to sustain the conviction and sentence of plaintiff in error.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Barnes & Tyler* and *Taylor, Shüll & Farnsworth*, for plaintiff in error, cited: *Smith v. Sahler*, 1 Neb., 310; *Scofield v. State National Bank of Lincoln*, 8 Neb., 16; *School District v. Brown*, 10 Neb., 440; *Steele v. Haynes*, 20 Neb., 319; *Troupe v. Eade*, 42 Ia., 552; *Brevoort v. City of Detroit*, 24 Mich., 322; *Hovey v. McDonald*, 109 U. S., 161; *Slaughter House Cases*, 10 Wall. [U. S.], 273; *Knox County v. Harshman*, 132 U. S., 14; *Hart v. Mayor of Albany*, 3 Paige Ch. [N. Y.], 380; *Eureka Consolidated Mining Co. v. Richmond Mining Co.*, 5 Sawyer [U. S.], 121.

*A. S. Churchill, Attorney General, John T. Spencer*, and *R. E. Evans*, for the state.

HARRISON, J.

It appears from the record in this case that an action of injunction was commenced against the plaintiff in error in

the district court of Dakota county, and the district judge being absent from the county, the county judge issued a temporary order.   That due service of this and a summons in the action was had upon plaintiff in error, who filed an answer to the petition, to which there was a reply and a trial of the issues joined and a submission to the court, as a result of which, in the language of the record, " The said district court did, upon the 9th day of November, 1893, decide that said injunction ought not to have been granted and did make a decree accordingly," or, as stated in another portion of the record, " the plaintiff in error recovered a decree dissolving the injunction."   We are thus particular in quoting the statements of the record in reference to the event of the trial for the purpose of showing that while it is disclosed that there was a trial of the matters in controversy, it does not very clearly appear whether a final disposition was made of the case or not, or the adjudication was confined to the dissolution of the injunction.   The court, at the request of the plaintiff in the injunction suit, fixed the amount of a supersedeas bond, which was afterwards executed and filed, and a transcript and other necessary papers were filed in this court for the purpose of perfecting an appeal hereto from the decision of the trial court. At a later date it appears that there was an affidavit in the nature of an information filed in the district court, in which it was stated that plaintiff in error had been guilty of violations of the injunction, also setting forth portions of the prior proceedings in respect to the injunction, including the decision, the filing of the bond, and the appeal of the case to this court, the purpose being to procure his punishment for a contempt.   Plaintiff in error was brought before the court to answer to the charges made in the complaint.   There was filed for him a demurrer to the complaint which, so far as we care to notice it, was general, or questioned the sufficiency of the statements contained in the pleading, which, after argument and submission, was overruled,

there being no other or further pleas, either oral or written, made or filed so far as shown by the record. Upon the facts as they appeared in the information the court adjudged plaintiff in error guilty of contempt and to pay a fine of $50 and the costs, and to do and perform certain acts set forth in the judgment, and in default of compliance with such requirements to be committed.

Errors alleged to have been committed by the trial court during the hearing on the charge of contempt are presented for our examination and determination. The petition for injunction, decree, and some other papers, including the bond which was given as an appeal bond, were attached to and made a part of the affidavit or complaint in the contempt proceedings. " Proceedings in contempt are in their nature criminal, and the strict rules of construction applicable to criminal proceedings are to govern therein." (*Boyd v. State,* 19 Neb., 128; *Johnson v. Bouton,* 35 Neb., 903.) It is very evident that the charge of contempt depended upon the force and efficiency of the bond given to operate as a supersedeas and continue the injunction. The requirements of the law in relation to the bond and its conditions are contained in section 677 of the Code of Civil Procedure, and are as follows : "Fourth—When the judgment, decree, or final order dissolves or modifies any order of injunction which has been or hereafter may be granted, the supersedeas bond shall be in such reasonable sum as the court or judge thereof in vacation shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay and will pay all costs which may be found against him or them on the final determination of the cause in the supreme court, and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit and continue such injunction in force until the case is heard and finally determined in the supreme court. The undertaking given upon the allowance of the injunction shall be and remain in ef-

fect until it is finally decided whether or not the injunction ought to have been granted." The condition in the bond in the case at bar was as follows: "Now, therefore, if the said Charles Holsworth, overseer of said road district No. six (6), of Dakota county, Nebraska, shall pay the amount of the decree, interest, damages, and costs against him in case the said decree shall be affirmed in whole or in part in said supreme court, then the above obligation to be void, otherwise to remain in full force and virtue." By comparison of the condition stated in the bond as given, with the requirements of the law applicable to such a bond as quoted it will at once be noticed that the bond in this case was not conditioned as the law prescribes, but a material portion was omitted. This rendered it insufficient as a supersedeas bond or to continue the injunction in force. (*State v. Thiele,* 19 Neb., 220.) This being true, it follows that the information in the contempt proceedings, based upon the continuance of the injunction by the effect of this bond as one of the necessary elements of the charge, and disclosing upon its face that the bond was so defective as not to fill the purpose for which it was intended, was insufficient to sustain the conviction and judgment predicated upon it, and that the demurrer to it should have been sustained. The judgment of the district court is

REVERSED AND PLAINTIFF IN ERROR DISCHARGED.