DAVID ZIMMERMAN V. STATE OF NEBRASKA.

FILED OCTOBER 1, 1895.    No. 7079.

1. Contempt: NATURE OF PROCEEDINGS. A proceeding against a party for contempt in this state is in the nature of a criminal prosecution and governed by the rules of construction and practice applicable thereto.

2. ———: REVIEW OF PROCEEDINGS. A judgment for contempt may be reviewed on error in the supreme court in the same manner as criminal cases.

3. ———: ———. In order to secure a review of errors committed during a trial in proceedings for contempt such errors must first be submitted to the court wherein such proceedings were had by a motion for new trial.

4. ———: DEFECTS IN INFORMATION: PRACTICE. Formal defects in an information and warrant or order of arrest must be taken advantage of by objections made in the proper manner before going to trial, otherwise they will be deemed waived.

5. ———: DISOBEDIENCE OF ORDER OF INJUNCTION. The proceedings in this case examined, and *held* fully within the jurisdiction of the trial court as conferred upon it by section 260, Code of Civil Procedure.

ERROR to the district court of Furnas county. Tried below before WELTY, J.

*F. I. Foss* and *W. R. Matson*, for plaintiff in error.

*A. S. Churchill, Attorney General, T. H. Matters*, and *C. J. Dilworth*, for the state.

HARRISON, J.

An action for an injunction was commenced in the district court of Furnas county by one Enos Clark against the Cambridge & Arapahoe Irrigation and Improvement Company to restrain it, or any person acting by, through, or under it, from diverting the waters of the Republican river from the natural channel, and upon the presentation of the petition on the 18th of June, 1894, to the judge of the district court for the allowance of a temporary injunction during the pendency of the suit, the matter of such allowance was set for hearing at 1 o'clock P. M. of the following day, and an order allowed restraining the company, or any person or persons acting by, through, or under it, from committing the acts complained of in the petition for injunction. On the 19th day of June, 1894, an affidavit

was filed in which it was charged that the plaintiff in error had been guilty of a contempt, consisting of a violation of the restraining order made in the injunction suit. He was arrested and brought before the court or judge, and as the result of a trial upon the charge in the affidavit was convicted and sentenced, and to secure a reversal of the judgment these error proceedings have been prosecuted to this court.

The petition in error contains some assignments which refer to errors alleged to have occurred during the trial. It has been said by this court that a proceeding against a party for contempt is in the nature of a criminal prosecution. (*Gandy v. State*, 13 Neb., 445; *Boyd v. State*, 19 Neb., 128; *Johnson v. Bouton*, 35 Neb., 903; *O'Chander v. State*, 46 Neb., 10.) It was also determined in the case of *Gandy v. State, supra*, that "A judgment for contempt may be reviewed on error in the supreme court in the same manner as criminal cases." It would seem to follow that the rules of practice governing error proceedings should be adopted and made applicable to contempt cases where the issues are tried, and among them the one by which a party who desires a review of errors occurring during the trial of a case must file a motion for new trial pointing out such error. (*Davis v. State*, 31 Neb., 243.) There was no motion for new trial filed in this case, hence we cannot review any of the errors assigned which are alleged to have been committed during the trial. This includes the assignment of error regarding the insufficiency of evidence to support the finding and judgment.

There are some assignments which are directed toward what are alleged to be defects in the information and warrant, or order of arrest, in matters of form. These are questions which should have been raised by objections made in the proper manner before going to trial. This was not done, and, if they existed, they were waived. (*Davis v. State*, 31 Neb., 252.)

There are some assignments of error in which it is alleged the judge was without authority of law to fine and imprison plaintiff in error, and was without jurisdiction to try and sentence him, and that the judgment was unlawful and void. The authority to entertain such a proceeding, to try the issues and render judgment, is conferred upon courts and judges thereof. (See Code of Civil Procedure, sec. 260.) The court had jurisdiction of the injunction suit and the judge had authority to make the restraining order, and its obedience was imperative so long as it remained in force, and upon complaint filed of its violation and the party being brought before the judge to answer the charge, upon the evidence adduced during the trial was determined guilty and a sentence imposed such as is contemplated or prescribed by law.

In such portion of the proceedings of the trial court or judge as are properly presented here for review nothing has been assigned or indicated in either the petition in error or argument for plaintiff in error which was erroneous, and the judgment must be

AFFIRMED.