## LEE HERDMAN V. STATE OF NEBRASKA.

FILED APRIL 21, 1898.　No. 9702.

1. **Contempt: CRIMINAL LAW.** A proceeding against a party for contempt is in the nature of a prosecution for a crime and the rules of strict construction applicable in criminal proceedings are governable therein.

2. ―――: INFORMATION. The affidavit must state the acts of the asserted contempt with as much certainty as is required in a statement of an offense in a prosecution for a crime.

3. ―――: ―――. The statements must be as of the personal knowledge of the affiant. They may not be on information and belief.

4. ―――: ―――. The affidavit in such a proceeding is jurisdictional.

ERROR to the district court for Douglas county. Tried below before SCOTT, J. *Reversed.*

*Guy R. C. Read* and *William F. Gurley,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

HARRISON, C. J.

By a petition in error a review is sought of a judgment of the district court of Douglas county whereby the plaintiff in error was adjudged guilty of a contempt of court and to be punished therefor. The affidavit filed in the district court, the basis of the proceedings there, was as follows:

"WILLIAM W. COX, Plaintiff,
　　　　　　v.
BOARD OF FIRE AND POLICE  Doc. 60.　No. 313.
　COMMISSIONERS, FRANK E.
　MOORES, ET AL., Defendants.

"STATE OF NEBRASKA, ⎱ ss.
　DOUGLAS COUNTY, ⎰

　"R. H. Olmsted, being duly sworn, deposes and says he is one of the attorneys for the plaintiff in the above en-

titled action, and comes now and represents to the court that the restraining order issued herein on July 16, 1897, has been violated by the defendant R. E. L. Herdman in this, to-wit: That on September 29, 1897, the said Herdman, as a member of the board of fire and police commissioners of the city of Omaha, Nebraska, did, as affiant is informed and believes, vote 'yes' at a meeting of said board on a resolution then adopted by said board removing plaintiff herein from the police department of the city of Omaha; that thereafter, on the 1st day of October, 1897, at a special meeting of said board, the following proceedings were had, and the following is a copy of the journal of said board showing a record of the proceedings then and there had:

" 'OMAHA, NEB., October 1, 1897.

" 'The board met pursuant to call. Present, Commissioner Gregory in the chair, and Commissioners Peabody, Bullard, and Herdman; absent, Commissioner Moores.

." 'The secretary presented a communication from the chief of police addressed to Hon. C. R. Scott, with the reply of his honor thereto attached, and reading as follows:

" ' "*Hon. C. R. Scott, Judge District Court, Omaha, Neb.*— DEAR SIR: I have the honor to enclose herewith a resolution adopted by the board of fire and police commissioners at the meeting of that body held last night. It was the sense of the board and also my personal opinion that, in so far as the said resolution affected Chief of Detectives W. W. Cox, your attention should be called to it, as the board and myself desire to be guided by both the letter and spirit of the restraining order made by your honor in the matter of W. W. Cox v. The Board of Fire and Police Commissioners.

" ' "I am sure that the form of my communication to your honor is strictly in accordance with legal practice in such cases; but I simply seek to convey to your honor the meaning and intention of the board touching the matters mentioned herein, and we would be glad to be

guided by such advice and instructions as you may deem consistent to give in the premises.

" ' "Very respectfully yours,

" ' "C. V. GALLAGHER, *Chief of Police.*"

" ' "Reply:

" ' "*Chief Gallagher:* You are notified that the action of the board of fire and police commissioners respecting the discharge of Chief of Detectives Cox, in discharging him from the service, is in direct conflict with the restraining order issued by me, and should be rescinded at once. Until the case is heard no such action should be taken by the board.

" ' "(Signed)        CUNNINGHAM R. SCOTT, *Judge.*

" ' "Omaha, Sept. 30, 1897."

" ' 'On motion, the communications were ordered spread upon the record and placed on file, and the following resolution was passed, Commissioners Peabody, Gregory, and Bullard voting in the affirmative, Commissioner Herdman in the negative:

" '*Resolved,* That the order removing certain officers and patrolmen, passed September 29th, be, and is hereby, modified in so far as it relates to one W. W. Cox, and it is ordered that as to him the said order be, and is hereby, rescinded.

" 'On motion, the board then adjourned.

" 'SECRETARY.'

"Affiant further says that he is informed and believes that the said R. E. L. Herdman is the secretary of the said board of fire and police commissioners, and was the person who, as secretary, presented the first two aforesaid communications to the said board at its meeting held October 1, 1897.

"Affiant further says that the aforesaid proceedings of the said board of October 1, 1897, have been personally examined by him and the foregoing are true copies thereof as appears in Journal F at pages 148 and 149 of the records of said board. And further affiant saith not.

"R. H. OLMSTED.

"Subscribed and sworn to before me this 4th day of October, 1897.

"[SEAL]                    FRANK L. McCOY,
                                    "*Notary Public.*

"My commission expires January 22, 1899."

That this was insufficient was raised during the proceedings and is presented by the petition in error and is of the points urged in the brief filed for plaintiff in error. It is of the doctrine of this court that proceedings for constructive contempt are in the nature of prosecutions for crimes, and as much certainty is required in a statement of acts of which complaint is made as in the statements of offenses in prosecutions under the provisions of the Criminal Code. (*Gandy v. State,* 13 Neb. 445; *Boyd v. State,* 19 Neb. 128; *Johnson v. Bouton,* 35 Neb. 903; *Percival v. State,* 45 Neb. 741; *Hawes v. State,* 46 Neb. 149; *Cooley v. State,* 46 Neb. 603; *O'Chander v. State,* 46 Neb. 10.) The affidavit in such a proceeding is jurisdictional. (*Gandy v. State,* 13 Neb. 445; *Ludden v. State,* 31 Neb. 437; *Hawthorne v. State,* 45 Neb. 871.) The affidavit must state positive knowledge, if, on information and belief, it is insufficient. (*Ludden v. State, supra;* 4 Ency. Pl. & Pr. 779, 780; *Gandy v. State, supra; Freeman v. City of Huron,* 66 N. W. Rep. [S. Dak.] 928; *Thomas v. People,* 23 Pac. Rep. [Colo.] 326.) Viewed in the light of these well established rules the affidavit, the basis of the proceedings against plaintiff in error, was wholly insufficient. Some of its most important statements were on information and belief. There is no statement of the substance, or any of the terms, of the order of which it is asserted there had been a violation, nor is there any statement that the party to be cited for contempt in its violation had any notice of its making or existence; in short, the affidavit was so lacking in requisite statements of substance as to be fatally defective. It follows that the judgment must be reversed and the prosecution dismissed.

REVERSED.

NORVAL, J.

I concur in reversal of the judgment on the grounds that the evidence adduced on the trial is insufficient to sustain the judgment and sentence imposed by the district court.