Leeder v. State.

---

EDWARD LEEDER v. STATE OF NEBRASKA.

FILED MAY 19, 1898.   No. 9818.

1. **Decree for Alimony**: ENFORCEMENT. In this state a decree awarding permanent alimony is enforceable in the same manner as judgments at law.

2. ———: DISOBEDIENCE: CONTEMPT. Ordinarily the non-compliance with an order for the payment of permanent alimony is not punishable as for contempt of court.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*W. S. Shoemaker*, for plaintiff in error.

*C. J. Smyth*, Attorney General, and *Ed P. Smith*, Deputy Attorney General, *contra.*

NORVAL, J.

This is a proceeding in error to review an order convicting Edward Leeder of contempt of court. On August 4, 1888, in a cause then pending in the district court of Douglas county, in which Catherine Leeder was plaintiff and the said Edward Leeder was defendant, a decree of divorce was obtained by the plaintiff therein and she was awarded the sum of $500 permanent alimony. On the 25th day of the same month an execution was issued for the collection of said amount, which writ was returned, "No property found." No other execution has ever been issued in said cause, nor has the decree for alimony ever been revived. On January 3, 1898, Judge Scott, one of the judges of the district court of Douglas county, without any motion or application therefor having been made in writing, issued an order against Edward Leeder, requiring him to show cause, on the morning of January 5, why he had not complied with the decree of the court regarding the payment of alimony. On January 6 the following order of attachment was issued by Judge Scott:

"CATHERINE LEEDER, Plaintiff,
         v.          } Order.
EDWARD LEEDER, Defendant.

"An order having been made by this court on the 3d day of January, 1898, requiring the said Edward Leeder to appear on the morning of the 4th instant and show cause why he has not complied with the order of court heretofore made in this case, that he, the said Edward Leeder, should pay to the said Catherine Leeder, as alimony, the sum of $500, which said order was made by this court at the May term of 1888; that in pursuance of said order of citation said Edward Leeder did appear on the morning of the 5th instant and did then and there inform the court that he would have $100 to pay to the plaintiff Catherine Leeder by 10 o'clock on the morning of the 6th instant, and that upon the strength of such promise on the part of Edward Leeder he was allowed to

depart with the distinct admonition on the part of the court that he be present with the said $100 by 10 o'clock on the 6th instant; said Edward Leeder has utterly and wholly refused and negelected to pay into court, or to the said Catherine Leeder, the said sum of $100 as he agreed to do, as a condition on which he was permitted to depart, as above stated, on the 5th day of January, 1898. It is therefore ordered that an attachment do issue against the said Edward Leeder and that he be brought into court to answer as for contempt in not complying with the order of the court.

"Omaha, January 6, 1898.

"By the court:          CUNNINGHAM R. SCOTT, *Judge.*"

The defendant appeared and filed an answer setting up that he is without means or money with which to pay said alimony; that he has no personal property save and except his wearing apparel and household furniture, worth not to exceed $300; that he is a married man and the head of a family, and has neither town lots, lands, nor houses within this state. On January 7, 1898, the following order was entered by the court below adjudging Edward Leeder to be guilty of contempt:

"THE STATE OF NEBRASKA⎤
          v.          ⎬ Order of Commitment.
EDWARD LEEDER.          ⎦

"The defendant having been cited on the 3d inst. to appear before this court on the 5th instant to show cause why he has not complied with the order of this court in the case of Catherine Leeder v. Edward Leeder at the May term of this court, 1888, to pay the said Catherine Leeder the sum of $500 alimony, and showing no good reason therefor, and agreeing then in open court to bring into court on the morning of the 6th day of January, 1898, $100 of said alimony for the use of the said Catherine Leeder, as ordered by the court, which he has wholly failed to do, the defendant is adjudged to be guilty of contempt of court and its orders in that regard, and the judg-

ment of the court is that the defendant pay a fine of $200 and the costs of the action, and that he stand committed to the jail of the county until such fine and costs are paid. Defendant excepts.

"Omaha, Neb., Jan. 7, 1898.

"By the court: CUNNINGHAM R. SCOTT, *Judge.*"

The defendant insists that the court below acted illegally and exceeded its jurisdiction in rendering the foregoing judgment and sentence, which position we are all persuaded is entirely sound. In this state a decree for permanent alimony is enforceable like judgments at law, and in the absence of fraud a party cannot be imprisoned as for contempt for failure to pay permanent alimony. Section 20 of our Bill of Rights declares: "No person shall be imprisoned for debt in any civil action on mesne or final process unless in case of fraud." Manifestly a decree for permanent alimony is a debt within the meaning of the above provision of the constitution. (Constitution, art. 1, sec. 20.) The power and jurisdiction of a court to enforce the collection of decrees and orders of permanent alimony by arrest were passed upon in *Segear v. Segear*, 23 Neb. 306. The court, after quoting section 4a, chapter 25, Compiled Statutes, title "Divorce and Alimony," observed: "The provisions of this section establish the character of an order for the payment of alimony with that of a judgment at law, and limits the enforcement and collection to the same means. It is not in the nature of tort, and in the absence of fraud, by the defendant, he could not be subjected to a more summary method of collection than that of levy and sale of property as upon executions at law. The commitment, therefore, for contempt, under the provisions of title 20, section 669, of the Civil Code, to enforce the judgment for alimony, was not a lawful remedy, nor was the non-payment of the judgment, by the defendant, that 'willful disobedience of, or resistance willfully offered to, the lawful process or order of the court,' contemplated by the statute. All proceedings therein, enforced by the district court against the defendant, are

voidable, and will be set aside." The case from which the above excerpt was taken was cited with approval in *Nygren v. Nygren*, 42 Neb. 408. No fraud is imputed to the defendant. It is true the order of commitment recites that he agreed to bring into court, by a specified time, to apply on the decree for alimony, the sum of $100, and that he failed to keep his promise in that regard; but this constituted neither an actual nor constructive contempt of court. The defendant could no more be adjudged guilty of contempt, and fined and imprisoned for failing to pay the $100, than he could be punished as for contempt for a refusal to pay his grocery bill, or to pay an ordinary judgment. The proceedings under review were without jurisdiction and void, and the order and sentence are reversed and the proceedings dismissed.

REVERSED AND DISMISSED.