OLE JENSEN V. GOLDIE JENSEN.

FILED MARCH 21, 1930. No. 27110.

*John M. Berger*, for plaintiff in error.

*R. C. Hunter* and *C. C. Sheppard, contra.*

Heard before GOSS, C. J., DEAN, THOMPSON, EBERLY and DAY, JJ., and CARTER and CHASE, District Judges.

THOMPSON. J.

This is a case where the defendant below, Ole Jensen, plaintiff in error here, was adjudged in contempt of court because of his neglect and refusal to pay the amount of an award for attorney's fees in an action for divorce, as provided in a final decree in such action. The sole assignment of error is, 'in substance, that the court's finding and judgment contravene section 20, art. I of the Constitution of this state. This section provides: "No person shall be imprisoned for debt in any civil action or mesne or final process, unless in cases of fraud." The question is *stare decisis* in this state. This court has determined, upon the husband's refusal, without just cause, to pay or satisfy an order or judgment for alimony, suit money, and attorney's fees for the benefit of the wife in a divorce action, that the order or judgment may be enforced by contempt proceedings, and that such proceedings do not violate the constitutional provision heretofore quoted. *Cain v. Miller*, 109 Neb. 441. The facts reflected by this record bring the action clearly within our holding in the above cited case. This conclusion is not seriously questioned by plaintiff in error, except it is urged by him that in the divorce action the attorneys for plaintiff and defendant agreed before the

decree was rendered that it should be made a part of such decree that the amount of the attorney's fees should be the sum of $200, and that such agreement made the fee an ordinary debt such as is intended by the use of the word "debt" in the above quoted section of our Constitution.

The agreement, if made, was without force except as an evidential fact to be submitted to the trial court for its consideration in determining the fee to be awarded and made a part of its decree. From this record the claimed agreement was so treated by the trial court. This contempt proceeding is predicated upon the award and judgment of the court and the refusal without just cause on the part of the defendant to comply therewith, and not upon the agreement, if made, or other evidence forming the basis of such award or judgment. Neither the alimony, suit money, nor attorney's fees awarded, is a "debt" in the sense in which that word is ordinarily understood, or as is intended by its use in section 20, art. I of the Constitution. These awards were but means of enforcing the performance of a legal duty owing by the husband to the wife, in which the public has an interest. The power both to enter and to enforce such orders is inherent in the court.

All questions involved herein are so aptly covered in *Cain v. Miller, supra,* as to render further discussion useless.

The assigned error is not well taken. The judgment of the trial court is, therefore,

AFFIRMED.