FRED L. MARYOTT V. STATE OF NEBRASKA.

FILED JANUARY 12, 1933. No. 28340.

*Courtright, Sidner, Lee & Gunderson* and *Abbott, Dunlap & Corbett,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

Plaintiff in error, hereinafter called defendant, brings to this court for review the record of his conviction for contempt of court.

The record discloses that in a divorce action, instituted by defendant's wife, a decree was entered awarding her a divorce, the custody of their three minor children, all the household furniture, fixtures and furnishings, then in their home, occupied by her, and ordering defendant to pay her for the support of herself and children the sum of $65 a month. This decree was entered the 8th day of January, 1931, and required the first monthly payment of alimony to be made the 19th of January, 1931.

Defendant's occupation was that of an insurance salesman or solicitor. He failed to make any of the monthly payments and was cited for contempt. On a hearing he was adjudged guilty. Thereafter, he assigned to his wife all of the commissions that would be coming due him from his insurance employer, on account of renewals or payment of subsequent premiums, and the contempt order was canceled. Again he became in default, and the wife filed what is termed a motion, reciting the facts of the recovery of the decree, his failure to make the monthly payments, and charging that such failure was wilful and contumacious. This motion was duly verified. Thereupon, an order to show cause why he should not be adjudged guilty of contempt was served upon defendant. To this order he filed a showing in which he set forth his utter inability to pay anything upon the decree; that he was without property and without substantial income. On his application, the court appointed an attorney to represent him in the contempt proceeding because of his financial inability to procure counsel. After hearing the evidence, the court adjudged defendant guilty of contempt for wilful and contumacious neglect and refusal to pay the alimony, pursuant to the previous order of the court, and ordered defendant to be confined in the county jail for a period of 60 days.

Defendant alleges that the court erred in requiring him to be prosecuted in a proceeding in the divorce action, and contends that the prosecution should have been instituted by an information in the name of the state, and cites numerous cases of this court in which it has held that proceedings for contempt are, in their nature, criminal, to be governed by the strict rules applicable to prosecutions by indictment. See *Hydock v. State,* 59 Neb. 296; *Bee Publishing Co. v. State,* 107 Neb. 74; *Beckett v. State,* 49 Neb. 210; *Hawes v. State,* 46 Neb. 149; *Herdman v. State,* 54 Neb. 626.

From a careful reading of these and many other cases, involving the question of contempt, it is apparent that much confusion and lack of harmony exist, not only in

the decisions of this court, but of other courts. Much of this confusion is due to the failure to observe the distinctions in the several classes of contempt. Generally speaking, contempts are either direct, those committed in the presence of the court while in session, or constructive, consisting of those not committed in the presence of the court. Properly speaking, constructive contempts should be divided into two classes—criminal and civil. Those contempts which are prosecuted to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders are, ordinarily, termed criminal contempts, while those instituted to preserve and enforce the rights of private parties to the suit and to compel obedience to orders and decrees made to enforce the rights and to administer the remedies to which the court has found them to be entitled are, ordinarily, civil contempts. The rule announced above, while applicable to criminal contempts, is inapplicable to civil contempts. In criminal contempts the prosecution should be in the name of the state and by information.

Where a party to an action fails to obey an order of the court, made for the benefit of the opposing party, the rule is well recognized that such act is, ordinarily, a mere civil contempt, and the rules applicable to a criminal contempt are not applicable. Where a civil contempt is charged, it may be by an affidavit by the party to the action who is injuriously affected. Procedure may be in the original action and need not be by information in the name of the state. It may be observed that the line of demarcation between the acts constituting civil and criminal contempts is very indistinct. Some courts hold that they are to be regarded as criminal when the purpose is primarily for punishment, and civil when the purpose is primarily compensatory. Much of the confusion in the cases is due to the fact that there are contempts in which both elements, criminal and civil, appear, so that a contempt proceeding may be of a dual nature.

It is a general rule that proceedings for contempt to enforce a civil remedy and to protect the private rights of parties litigant should be instituted by the aggrieved parties and need not be by the prosecuting attorney or in the name of the state. An excellent discussion of the classification of contempts and the rules applicable to the procedure in the several classes may be found in 13 C. J. 56 *et seq.* Such is the situation that we have before us in this case. The proceeding is to enforce the private rights of defendant's wife, and it was proper to commence that proceeding in the original divorce action, for the purpose of enforcing an order made in that action.

In *Cain v. Miller,* 109 Neb. 441, it was held that an order for the payment of temporary alimony for the support of a wife was designed to secure the performance of a legal duty, in which the public has an interest, and it was there held: "It is the duty of a husband to support his wife. When, in an action for divorce, a husband has been ordered by the court to pay temporary alimony for the support of his wife during the pendency of the suit, and the husband, being of sufficient ability to pay the same, wilfully and contumaciously refuses to pay, having no just or reasonable ground for his failure or refusal, such refusal constitutes contempt of court, and such order may be enforced by imprisonment until the amount ordered is paid." The rule is applicable to the payment of permanent, as well as temporary, alimony.

The court did not err in the manner in which the proceeding was instituted and conducted. Defendant was apprised of the charge against him by an order to show cause, came into court, and defended.

It is further contended that the evidence is insufficient to support the finding and the order entered. The evidence shows that defendant is wholly without any property except a Ford automobile. The model, age, condition or value of the automobile is not disclosed. The record does not disclose how the automobile was obtained, but on oral argument it was stated by counsel that it was given to defendant to assist him in carrying on his occu-

pation as an insurance salesman. If this automobile possesses sufficient value to be taken into account, it could be reached by an execution, without resort to the harsh means of a contempt proceeding. For a period of four and a half months previous to the time of the contempt hearing defendant had received for his earnings the sum of $132.81. True, he had written some insurance for which he had not received his commissions, and which, when the time arrived, he might receive, amounting to approximately $75. The amount that defendant has received during the four and one-half months was insufficient to pay for the upkeep of his automobile and to pay his board and lodging. He was compelled to and did borrow or have advanced to him from his employer the sum of $85, with which to pay those items. The evidence shows a total inability of the defendant to comply with the order of the court with respect to the payment of alimony.

In *Cain v. Miller, supra,* this court held: "Imprisonment is a serious and drastic remedy. No one should be committed to jail for refusal to pay temporary alimony unless it is clear that the refusal is wilful and contumacious. If the defaulting husband has in good faith no means or ability to procure means wherewith to pay the alimony, does not wilfully refuse to obey the order of the court, and has just or reasonable cause for his failure to do so, he may purge himself of the contempt by so showing, and in such case would be entitled to his discharge."

Some authorities hold, and perhaps it is the general rule, that a *prima facie* case for civil contempt has been made when the proof shows that defendant has failed and neglected to pay the alimony for support of his wife and children, due upon an order made by the court. However, when the evidence is adduced and shows that he is financially unable to comply with the order of the court and is doing what he reasonably can to earn money for the support of himself, his wife and children, but is unable to earn enough to comply with the order of

the court, it would be unjust to imprison him for his failure. In such case, the failure is not wilful and contumacious.

The judgment of the district court is reversed, and the defendant discharged from the judgment for contempt. However, this is without prejudice to the right to institute other proceedings, or another proceeding for contempt, if the defendant becomes of sufficient ability to pay, and wilfully and contumaciously refuses to comply with the order made with respect to alimony.

REVERSED.