BERNARD O. SCOTT V. STATE OF NEBRASKA.

270 N. W. 833

FILED JANUARY 5, 1937. NO. 29801.

*George H. Heinke* and *Bruce Fullerton,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

PAINE, J.

This is an appeal from an order of the district court committing the defendant to jail for contempt.

The action grows out of a decree of divorce, entered June 19, 1935, which required the defendant to pay $40 a month for the support and maintenance of his five minor children, and an attorney fee of $50. Upon an affidavit being filed by the wife, charging the defendant with failure to comply

with the order, an order to show cause was issued January 9, 1936, requiring him to appear before the judge of the district court on January 18 at 10:00 a. m., and show cause why he should not be punished for contempt for his failure to comply with said order.

At the hour fixed the defendant appeared in court and asked for one week's time to secure an attorney to represent and advise him, which request was refused, and defendant informed the court that the children had been with him a good deal of the time, and he had taken care of them and bought clothes for them, and that he was unable to pay more than he had paid; that three weeks before the hearing his wife had taken them to Beatrice. The defendant stated to the court that he had just come home from St. Elizabeth's Hospital, where he had been treated because of an injury received in an automobile wreck. The defendant stated that he was a renter, and had arranged for his wife to have the milk checks, which was all the income that he had coming in, and that the regional loan that he had on his horses and cattle took up the rest, but that he had a corn-hog check for $80 coming in shortly in the future that he would turn over, but he could not give the exact date. After further discussion between the court and the defendant, it was ordered that the defendant be confined in the county jail of Otoe county until he complied with the decree of the court, or until he was legally discharged.

The defendant sets out eight errors in his motion for a new trial, among them that there was not sufficient evidence in the record on which to base a conviction of the defendant in said contempt proceeding.

In the brief of the defendant, many citations were given which involved strictly questions of criminal contempt, and many of them are cited under section 20-2121, Comp. St. 1929. However, on the facts submitted in the case at bar, it appears to be only that of a civil contempt. The refusal to comply with the order in full does not appear to have been wilful and contumacious. *Cain v. Miller*, 109 Neb. 441, 191 N. W. 704; *Maryott v. State*, 124 Neb. 274, 246 N. W.

343. We therefore hold that there is no sufficient evidence in the record upon which to base the order entered in the case at bar. The same is reversed, and the defendant discharged without prejudice to the right to bring further proceedings if the defendant wilfully and contumaciously refuses to comply with any proper order in the future in reference to said payments.

REVERSED.