WILLIAM WRIGHT v. BLANCHE WRIGHT.

272 N. W. 568

FILED APRIL 16, 1937. No. 29955.

_O. G. Leidigh_ and _Andrew P. Moran,_ for plaintiff in error.

_Lloyd E. Peterson, contra._

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

CLEMENTS, District Judge.

This action was brought in the district court for Otoe county to punish the plaintiff in error, hereinafter called the defendant, for an alleged contempt of court based upon his failure to pay into court for the support of his minor children the sum of $10 a month for each child or a total of $20 a month. This order was made in an action brought in the district court for Otoe county wherein defendant in error, hereinafter called the plaintiff, was granted a divorce from defendant.

The action was instituted by the filing of a motion and affidavit, as follows:

"Comes now Blanche Courtney, formerly Blanche Wright, the defendant in the above-entitled cause, and respectfully shows to the court that heretofore on February 23, 1928, she recovered a judgment in the district court for Otoe county, Nebraska, against the plaintiff for payment of the sum of $20 per month, support money for William Wright and Nina Wright, the minor children of the above-named plaintiff and defendant, and costs taxed in the sum of $5; that no part of said judgment has been paid except the sum of $20 which was paid by the defendant on the 1st day of July, 1929; that on the 24th day of June, 1936, defendant caused an execution to be issued out of the district court for

Otoe county, Nebraska, and the same was delivered to Carl Ryder, sheriff of Otoe county, Nebraska, for service and return according to law, which said execution was by said sheriff on June 24, 1936, returned wholly unsatisfied for want of sufficient property belonging to the plaintiff whereof to levy and collect said judgment.

"Defendant therefore moves the court that an order be entered herein fixing the time within which the plaintiff may show cause why he is not in contempt of court for failure to pay said judgment as provided by said decree entered herein.

"In support of this motion, there is attached hereto and marked exhibit 'A' the affidavit of the defendant.

"Lloyd E. Peterson,<br>"Attorney for Defendant."

"Exhibit 'A'

"State of Nebraska, ⎱ ss.
"County of Otoe.   ⎰

"Blanche Courtney, formerly Blanche Wright, being first duly sworn, on oath says that she is the defendant in the above-entitled cause; that heretofore on February 23, 1928, she recovered a judgment in this action against the above-named plaintiff, William Wright, for payment of the sum of $20 per month, support money for William Wright and Nina Wright, the minor children of the above-named plaintiff and defendant, and costs taxed in the sum of $5.

"That as shown by the records and files herein, the defendant, on June 24, 1936, caused an execution to be issued out of the district court for Otoe county, Nebraska, and the same was delivered to Carl Ryder, sheriff of Otoe county, Nebraska, for service and return according to law, and that on said date of June 24, 1936, said execution was returned wholly unsatisfied for want of sufficient property of said William Wright whereof to levy and collect said judgment.

"That no part of said judgment has been paid except the sum of $20 which was paid by the plaintiff on July 1, 1929.

"Blanche Courtney, formerly Blanche Wright.

"Subscribed and sworn to before me this 26th day of June, 1936.

"(Seal)    My com. exp. Nov. 28, 1940.    Marjorie Booth,
                                            "Notary Public."

No other complaint was filed and no answer was interposed. Upon the motion and affidavit an order to show cause was entered. Upon the return day of the order, a trial was had resulting in a finding by the court that no cause had been shown why the plaintiff in error was not in contempt of court, finding that he was in contempt of court and ordering him confined in the county jail of Otoe county until further order of the court or until he is otherwise legally discharged and that he pay the costs of the proceeding.

To this finding the defendant excepted and brings the case here by petition in error. In this petition in error numerous assignments of error are made. It does not appear that these alleged errors were ever called to the attention of the trial court by a motion for a new trial.

It is well settled in this jurisdiction: "In order to secure a review in this court of alleged errors occurring at the trial, such errors must be pointed out in a motion for a new trial, addressed to the district court, and a ruling obtained thereon." *Dillon v. State,* 39 Neb. 92, 57 N. W. 986. See *Madsen v. State,* 44 Neb. 631, 62 N. W. 1081; *Zimmerman v. State,* 46 Neb. 13, 64 N. W. 375. As no motion for a new trial was filed in the instant case, this court will not examine the alleged errors.

The failure of the plaintiff in error to file a motion for a new trial in the trial court and obtain a ruling thereon does not however prevent this court from an examination of the record to determine whether the motion and affidavit filed are sufficient to confer jurisdiction on the court to make the order complained of. In a number of early cases this court has held: "Proceedings in contempt are in their nature criminal, and strict rules of construction applicable to criminal proceedings are to govern therein." *Boyd v. State,* 19 Neb. 128, 26 N. W. 925; *Johnson v. Bouton,* 35 Neb. 898,

53 N. W. 995; *O'Chander v. State,* 46 Neb. 10, 64 N. W. 373. "The affidavit must state the acts of the asserted contempt with as much certainty as is required in a statement of an offense in a prosecution of a crime." *Herdman v. State,* 54 Neb. 626, 74 N. W. 1097. In two recent cases, namely, *Maryott v. State,* 124 Neb. 274, 246 N. W. 343, and *State v. Barlow, ante,* p. 166, 271 N. W. 282, we have differentiated between "criminal" and "civil" contempts and held: "The rules of procedure in proceedings for criminal contempt are inapplicable to proceedings for civil contempt." The contempt which is attempted to be charged in this proceeding is a "civil" contempt. "Where, in a divorce action, a husband has been ordered to pay alimony for the support of his wife and children, and, being of sufficient ability to pay the same, wilfully and contumaciously refuses to pay, having no just or reasonable grounds for his failure or refusal, such conduct constitutes a civil contempt." *Maryott v. State, supra.*

While the strict rules applicable to criminal cases do not apply in this proceeding, the affidavit upon which the action is based should have stated facts which, if proved, would constitute a "civil" contempt. This it does not do. The only allegations material to the case are that an order was made and that the defendant failed to comply with the order. A party is not in contempt of court for a failure to comply with an order to pay alimony unless it is shown that he had sufficient ability to pay and that his refusal was wilful and contumacious and without just and reasonable ground.

The case of *Hawthorne v. State,* 45 Neb. 871, 64 N. W. 359, is clearly in point and decisive of this action. It is there held: "In a proceeding to punish for an alleged contempt, not committed in the presence of the court, the affidavit upon which the proceeding is based is jurisdictional, and it must affirmatively disclose sufficient facts to show that the case is one over which the court has jurisdiction. * * * Unless the disobedience of an order of court is wilful there is no contempt." In this case the defendant, in a civil

action, failed to comply with an order of court directing the payment by him of a certain sum of money to apply on a judgment recovered therein against him. Contempt proceedings were instituted against him. This was in an action in aid of execution. The alleged contempt was clearly a "civil" contempt. Much might be quoted from the opinion in this case. We call attention particularly to the following: . "The affidavit does not aver that it is in the power of the plaintiff in error to comply with the order of the court, nor does it allege that proof by affidavit or otherwise was made to the county judge that Mr. Hawthorne 'has property which he unjustly refuses to apply toward the satisfaction of the judgment rendered against him.' It therefore follows that the affidavit in this case is fatally defective, and the order of the county judge, to which the plaintiff in error refuses to yield obedience, is void, because such judge had no jurisdiction to make the same."

The affidavit in the instant case being fatally defective, the order and judgment of the court are void and must be set aside and the cause dismissed. This will be done without prejudice to another action.

REVERSED AND DISMISSED.