HARRY H. THOMAS v. AMY THOMAS.

273 N. W. 483

FILED MAY 21, 1937. No. 30031.

Paul T. Miller and Morrow & Morrow, for plaintiff in. error.

Jack L. Raymond, contra.

Heard before ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and HASTINGS and RINE, District Judges.

EBERLY, J.

In this proceeding plaintiff prosecutes error from an

order of the district court for Scotts Bluff county committing him to the county jail of that county for failure to comply with an order of that court directing the payment of alimony.

The record discloses that on May 27, 1935, a decree was entered granting the defendant, Amy Thomas, a divorce on her cross-petition, and awarding her judgment against the plaintiff, Harry H. Thomas, in the sum of $2,400, payable $50 a month, and making said judgment a lien on plaintiff's real estate. On July 9, 1936, there was filed in this cause an affidavit setting forth the entry of the judgment of alimony aforesaid, and the terms thereof, and stating "that nothing has been paid by plaintiff to this defendant during the month of March, 1936; that he has paid the February payment and is delinquent with the March payment, or four months, and will be delinquent for the July 10, 1936, payment prior to the date of hearing on this citation; that plaintiff has ignored the orders of this court entered herein on the 27th day of May, 1935, and on the 14th day of September, 1935, and that plaintiff is an able-bodied man competent to earn the sum of $200 per month."

This constituted the complaint or charge upon which plaintiff was tried on July 13, 1936, after due service upon him of an order to show cause. Hearing was had, at the conclusion of which an order was entered whereby the "court * * * finds that plaintiff is in contempt of court for failure to pay alimony as ordered by this court on the 27th day of May, 1935, and on the 14th day of September, 1935, and that he is now in arrears the sum of $250, being $50 per month for March, April, May, June and July, 1936, and that plaintiff should be confined in the county jail unless he purges himself. It is therefore ordered that plaintiff be given ten days to purge himself of contempt of this court for failure to pay alimony," and to comply with the order of this court, and upon his failure to do so it was ordered that "he be confined to the county jail of Scotts Bluff county, Nebraska, until he purges himself."

No bill of exceptions forms a part of this record, so we

are limited in our consideration of the case to the transcript, as to which, to entitle plaintiff in error to relief, error must affirmatively appear.

The first contention of plaintiff in error is that the record discloses that more than six months have elapsed since the entry of the decree of divorce, and the relation of husband and wife having absolutely terminated, the judgment for alimony may not now be enforced by contempt proceedings. In support of his contention he cites *Leeder v. State*, 55 Neb. 133, 75 N. W. 541, and *Segear v. Segear*, 23 Neb. 306, 36 N. W. 536. It appears needless to discuss the doctrines of these cases. Both were expressly overruled in *Cain v. Miller*, 109 Neb. 441, 191 N. W. 704, and the last-named case was approved in *Jensen v. Jensen*, 119 Neb. 469, 229 N. W. 770. See, also, *Umphenour v. Van Hoosen*, 121 Neb. 870, 236 N. W. 762.

We do not overlook the contention of plaintiff in error that the rule applied in the instant case is proper only when applied to failure to conform to a decree for payment of temporary alimony. In *Maryott v. State*, 124 Neb. 274, 246 N. W. 343, the case of *Cain v. Miller, supra*, is cited with approval, Good, J., saying: "The rule is applicable to the payment of permanent, as well as temporary alimony."

It follows that no relief may be awarded plaintiff in error on this contention. The judgment entered in this case is ample and sufficient foundation for the contempt proceeding.

The next question is: "Was the affidavit of July 9, 1936, sufficient to support a finding and a judgment of contempt?" In *Wright v. Wright, ante*, p. 619, 272 N. W. 568, this court approved the following statement of the rules of law applicable, viz.:

"The failure of the plaintiff in error to file a motion for a new trial in the trial court and obtain a ruling thereon does not however prevent this court from an examination of the record to determine whether the motion and affidavit filed are sufficient to confer jurisdiction on the court to make the order complained of. In a number of early cases

this court has held: 'Proceedings in contempt are in their nature criminal, and strict rules of construction applicable to criminal proceedings are to govern therein.' *Boyd v. State,* 19 Neb. 128, 26 N. W. 925; *Johnson v. Bouton,* 35 Neb. 898, 53 N. W. 995; *O'Chander v. State,* 46 Neb. 10, 64 N. W. 373. 'The affidavit must state the acts of the asserted contempt with as much certainty as is required in a statement of an offense in a prosecution of a crime.' *Herdman v. State,* 54 Neb. 626, 74 N. W. 1097. In two recent cases, namely, *Maryott v. State,* 124 Neb. 274, 246 N. W. 343, and *State v. Barlow, ante,* p. 166, 271 N. W. 282, we have differentiated between 'criminal' and 'civil' contempts and held: 'The rules of procedure in proceedings for criminal contempt are inapplicable to proceedings for civil contempt.' The contempt which is attempted to be charged in this proceeding is a 'civil' contempt. 'Where, in a divorce action, a husband has been ordered to pay alimony for the support of his wife and children, and, being of sufficient ability to pay the same, wilfully and contumaciously refuses to pay, having no just or reasonable grounds for his failure or refusal, such conduct constitutes a civil contempt.' *Maryott v. State, supra.*"

In the instant case the facts charged are that plaintiff in error failed to pay as ordered by the court, ignored the court's order, and is an able-bodied man competent to earn the sum of $200 a month. The facts charged in no manner necessitate the inference that the failure to pay is wilful and contumacious. Every fact set forth would be true if, for instance, the plaintiff in error had been confined in the penitentiary serving a life sentence. The affidavit does not aver that it is in the power of plaintiff in error to comply with the order of the court, nor does it set forth that the plaintiff in error has property which he unjustly refused to apply toward the satisfaction of the judgment rendered against him. *Wright v. Wright, ante,* p. 619, 272 N. W. 568; *Hawthorne v. State,* 45 Neb. 871, 64 N. W. 359.

The affidavit in this case being fatally defective, the

order and judgment of the trial court are void and must be set aside, and the action dismissed, but without prejudice to another action.

REVERSED AND DISMISSED.