## CIRCUIT COURT OF ARLINGTON COUNTY

Heishman, Inc.

v.

Fox Television Stations, Inc.

August 8, 2002

Case No. (Law) 00-686

BY JUDGE JOANNE F. ALPER

This case presents the question of whether this Court has the authority to award attorney's fees in conjunction with a Rule to Show Cause necessary to enforce a prior contempt order where a final order of nonsuit has been entered in the case. Plaintiff, in the earlier contempt proceeding, unsuccessfully argued that the Court lacked the power to hold it in contempt because it voluntarily nonsuited the case pursuant to Virginia Code § 8.01-380. Now, Plaintiff argues, based upon this same theory, that the Court lacks the authority to award attorney's fees incurred by Defendant in bringing the Rule to Show Cause. In opposition, Defendant argues that this Court's authority to hold the Plaintiff in contempt rests not on the discovery rules, but rather on the Court's inherent powers to enforce its lawful orders and to award remedial relief to a party harmed by another's contempt. For the following reasons, the Court holds that Virginia law does allow the awarding of attorney's fees in this matter and, therefore, will award attorney's fees to the Defendant.

*Facts*

This case stems from a defamation action brought by Plaintiff, an automobile dealership, against Defendant, Fox Television, in relation to a certain February 3, 2000, television broadcast aired on Defendant's network.

Plaintiff filed a Motion for Judgment in December 2000 and the litigation progressed through the discovery process. On October 5, 2001, this Court ordered the Plaintiff to pay $2,000 to compensate Defendant for the attorney's fees and costs it incurred as a result of the Plaintiff's failure to comply with multiple court orders to provide complete responses to Defendant's discovery requests. Subsequent to this ruling, at a hearing on November 16, 2001, Plaintiff voluntarily nonsuited this case, following the Court's denial of the Plaintiff's Motion for Reconsideration of the discovery sanction award previously entered. Twenty-one days later, on November 16, 2001, both the nonsuit order and the sanction order became final. See Virginia Supreme Court Rule 1:1.

For the months following this hearing, Plaintiff has continually failed to comply with this Court's order of October 5, 2001, to pay Defendant $2,000 in attorney's fees. Consequently, on May 17, 2002, Defendant filed a Petition for a Rule to Show Cause why Plaintiff should not be held in contempt. In addition, Defendant requested the Court to order Plaintiff to pay the $2,000 in sanctions plus interest, and to pay Defendant the reasonable court costs and attorney's fees incurred as a result of its petition. Plaintiff countered that, because the nonsuit order and the sanction order were final, the Court no longer had jurisdiction to take any further action, as to award fees in connection with the Rule.

### Discussion

The issue before this Court concerns the granting of attorney's fees and court costs incurred in an effort to enforce a prior ruling of the Court. As the Supreme Court has explained, attorney's fees are a "means of enforcing the performance of a legal duty . . . in which the public has an interest." *Eddens v. Eddens*, 188 Va. 511, 519, 50 S.E.2d 397 (1948) (quoting *Jensen v. Jensen*, 119 Neb. 469, 229 N.W. 770, 771 (1930)). Moreover, "the power both to enter and to enforce [counsel fees] is inherent in the court." *Id.* Virginia courts have recognized the "inherent power of a court to punish a party in a contempt proceeding for a willful refusal to obey a lawful decree despite the fact that the decree had become final." *James v. James*, 263 Va. 474, 562 S.E.2d 133 (2002).

Like the present case, *Eddens* involved the failure of one party to pay an outstanding obligation for court costs and attorney's fees. 188 Va. at 514-15. The Supreme Court of Virginia ruled that the trial court had the inherent power to act because the "rule to show cause was ancillary to and in support

of" the suit at hand. *Eddens*, 188 Va. at 521. Plaintiff herein argues that this Court has no jurisdiction to entertain Defendant's request for attorney's fees. In support of its argument, Plaintiff argues that James, not Eddens is this Court's controlling precedent.[1] In *James*, following the entry of a nonsuit order, the Defendant attempted to seek an award of discovery sanctions against the Plaintiff. In rejecting the Defendant's claim, the Court held that a nonsuit order is a final order, and "once the twenty-one day period expired . . . without the entry of orders vacating or suspending the nonsuit orders, each action of the trial court taken thereafter [is] a nullity." *James*, 263 Va. at 483. This Court agrees with Defendant that *Eddens*, and not *James* controls the decision here. First, the Court entered the sanctions order against the Plaintiff for its failure to obey the discovery orders before the nonsuit order was entered. Therefore, the present case is factually distinguishable from *James*. Moreover, *James* is not on point. *James* addresses a court's ability to *issue* sanctions, not its ability to *enforce* a previously issued sanction award. Instead, this Court must adhere to the Supreme Court's admonition in *Eddens*, that a court has the inherent authority to enforce its orders through contempt actions so long as the proceeding is "ancillary to and in support of" the earlier decree. *Eddens*, 188 Va. at 521-22. It is indisputable that the Defendant's Petition for a Rule to Show Cause is ancillary to and in support of this Court's earlier discovery sanction. Accordingly, this Court has the authority to award the attorney's fees currently at issue.

Although it is clear this Court has the power to award the attorney's fees and costs Plaintiff has requested, the Court must still determine whether it is appropriate given the facts presented. The Supreme Court of Virginia has held consistently that "a court has the discretionary power to award counsel fees incurred by an aggrieved party incident to contempt proceedings instituted and conducted to obtain enforcement of an order of the court." *Carswell v. Masterson*, 224 Va. 329, 332, 295 S.E.2d 899 (1982). Further, there is a compelling argument "for holding that courts have the power to award counsel fees . . . where contempt proceedings have to be initiated and conducted to enforce an order of the court." *Id.* at 332. Here, Plaintiff's conduct has been quite egregious. Initially, Plaintiff failed to comply with several discovery orders, which led to the $2,000 discovery sanction for its abuses of that process. Likewise, since the issuance of that sanction, Plaintiff failed to comply with that order, resulting in the Rule to Show Cause.

---

[1] It is noteworthy that the Plaintiff raised similar arguments about the Court's jurisdiction in its unsuccessful argument against the Rule to Show Cause.

Consequently, the Court finds that the awarding of attorney's fees and costs in connection with the Rule to Show Cause necessitated by Plaintiff's utter refusal to comply with this Court's lawful orders is wholly appropriate.

## Conclusion

For the foregoing reasons, the Court holds that it is within the discretion of a trial court to award attorney's fees and costs to Defendant acting in support of this Court's prior contempt sanction of $2,000 against Plaintiff. Ms. Papandrea should prepare an order embodying the Court's ruling, provide it to Mr. Cunningham for endorsement and forward it to the Court for entry. Further, Ms. Papandrea should submit to the Court and to Mr. Cunningham, within seven days, a statement of the amount of attorney's fees incurred. Mr. Cunningham should respond as to the reasonableness of these fees within seven days of his receipt of this statement.